COPY

1  Rick Richmond (S.B.N. 194962)
   rrichmond@jenner.com
2  Brent Caslin (S.B.N. 198682)
   bcaslin@jenner.com
3  JENNER & BLOCK LLP
   633 West 5th Street, Suite 3500
4  Los Angeles, California 90071
   Telephone: (213) 239-5100
5  Facsimile:  (213) 239-5199

6  John Mathias (subject to admission *pro hac vice*)
   jmathias@jenner.com
7  Robert Markowski (subject to admission *pro hac vice*)
   rmarkowski@jenner.com
8  JENNER & BLOCK LLP
   330 North Wabash Avenue
9  Chicago, Illinois 60611
   Telephone: (312) 222-9350
10 Facsimile:  (312) 527-0484

11 Attorneys for Defendant
   CRST Van Expedited, Inc.

12

13

14              UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16                  WESTERN DIVISION

17

18

19 JACK RAY MORRISON, and STEVE     )  Case No. CV09-5638 JFW (OGx)
   CARSON, individually and on behalf of )
20 others similarly situated,         )
                                      )
21          Plaintiffs,               )  **NOTICE OF REMOVAL OF**
                                      )  **CLASS ACTION**
       v.                             )
22                                    )
   CRST VAN EXPEDITED, INC.,          )
23                                    )
                                      )
24          Defendant.                )
                                      )
25 _____)

26

27

28

FILED
2009 JUL 31  PM 2:18
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY___

1    **PLEASE TAKE NOTICE** that Defendant CRST Van Expedited, Inc. ("CRST")
2    hereby removes this case from the Superior Court of California for the County of Los
3    Angeles to the United States District Court for the Central District of California, Western
4    Division.  In support of this removal, CRST states the following:

5    **1.    The State Court Action.**

6        Plaintiff Jack Ray Morrison filed a Class Action Complaint on or about June 25,
7    2009, in the Superior Court of the State of California for the County of Los Angeles,
8    naming CRST as the sole defendant.  The case is captioned *Jack Ray Morrison, Plaintiff,*
9    *individually and on behalf of all others similarly situated, v. CRST Van Expedited, Inc.*,
10   Case No. BC416493.  Plaintiff's Class Action Complaint attempts to assert four causes of
11   action:

12       (1)    alleged failure to pay wages for pre- and post-trip inspection activities
13   and for work-related delay time less than 120 minutes, purportedly based upon California
14   Labor Code §§ 1194, 1194.2;

15       (2)    alleged failure to pay the promised and stated piece-rate, purportedly
16   based on California Labor Code §§ 222-223;

17       (3)    alleged failure to pay compensation due upon termination, purportedly
18   based on California Labor Code §§ 201-203; and

19       (4)    alleged unfair, unlawful, and fraudulent business practices,
20   purportedly based on Section 17200 *et seq.* of the California Business & Professions
21   Code.

22       The Class Action Complaint alleges (in ¶ 7) that Plaintiff has brought this case as a
23   class action on behalf of a class defined as "all current and former truck drivers employed
24   by CRST, INC., ("CRST") who were based in California, and who drove routes
25   originating within the State of California any time during the period from June 25, 2005,
26   through the present (the 'Class Period')."

27       Plaintiff filed a First Amended Class Action Complaint on or about July 17, 2009,
28   which names Steve Carson as an additional plaintiff.  The First Amended Class Action

Complaint asserts the same four causes of action as in the original Complaint but modifies the definition of the class to include all drivers based in California "who drove routes for CRST originating <u>or ending</u> within the State of California." (1st Am. Compl., ¶ 7; emphasis added.)

On July 30, 2009, CRST filed an Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint.

As required by 28 U.S.C. § 1446(a), CRST submits as Exhibit A to this Notice copies of all documents filed in the Superior Court in this case that have been served on CRST as well as CRST's Answer and Affirmative Defenses.

**2.     Statutory Grounds for Removal.**

CRST's removal of this case is based upon 28 U.S.C. §§ 1441(a) and 1453. Section 1441(a) authorizes the removal of any civil actions filed in state court provided that the United States District Court has original jurisdiction for such actions.  Section 1453(b) authorizes the removal of "class actions," as defined in 28 U.S.C. § 1331(d)(1), to federal district court.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) and (4), which provides such jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, exclusive of interest or costs, the proposed class includes at least 100 members, and any member of the alleged plaintiff class is a citizen of a State different from any defendant.

**3.     Diversity of Citizenship of the Parties.**

Plaintiffs Morrison and Carson both allege that they are residents of the State of California, and therefore they are citizens of California under 28 U.S.C. § 1332 for purposes of federal diversity jurisdiction.  (Compl., ¶ 5; 1st Am. Compl., ¶¶ 5,6.)  As Plaintiffs also allege, CRST is an Iowa corporation with its principal place of business in the State of Iowa. 28 U.S.C. § 1332(c). (Compl., ¶ 6; 1st Am. Compl., ¶¶ 7.)  Therefore, the diversity of citizenship requirements of Sections 1332(a)(1) and 1332(d)(2) are satisfied.

**4.     More than 100 Alleged Class Members.**

1    The Complaint alleges that there are "at least 800 current and former employees in

2    the Class." (Compl., ¶ 8.)  Therefore, the requirement of 28 U.S.C. § 1332(d)(5)(B) that

3    the alleged class consist of at least 100 members is satisfied.

4    **5.      More than $5,000,000 in Controversy.**

5    The Complaint alleges that the dollar amount in controversy based on its class

6    action claims is $2,763,772. (Compl., ¶ 4 & n. 1.)  While CRST denies all of Plaintiffs'

7    claims and asserts that Plaintiffs and the purported class members they seek to represent

8    will recover nothing on their damage claims, Plaintiffs' calculation of the amount in

9    controversy based on their claims is substantially understated.  As the class is defined by

10   the Complaint, the number of individuals in the purported class substantially exceeds the

11   minimum number of class members upon which Plaintiffs base their calculations of the

12   dollar amount in controversy.  When adjusting Plaintiffs' damage allegations--solely

13   based upon more accurate figures for the number of individuals within the purported

14   class--Plaintiffs' third cause of action, which seeks penalties for CRST's alleged failure

15   to pay its drivers residing in California the compensation due to them upon termination,

16   would *alone* seek more than $5,000,000 in damages.

17   CRST's employment records show that, during the period from April 4, 2006 to

18   June 25, 2009, the employment by CRST of 3,033 drivers residing in California was

19   terminated either voluntarily or involuntarily. (*See* Declaration of Jesse Monk, attached

20   as Exhibit B.)  This period is entirely within--and, in fact, ten months shorter than--the

21   class period as defined by the plaintiffs' pleading (June 25, 2005, to the present) and

22   therefore understates the size of the alleged class.

23   The Complaint's third count alleges a violation of California Labor Code §§ 201-

24   202 by asserting that CRST willfully failed to promptly pay all compensation to which

25   terminated employees were due.  Plaintiffs claim that class members are entitled to

26   penalties in the amount of continued daily compensation for up to thirty additional work

27   days. In calculating the amount in controversy, Plaintiffs contend that 400 former CRST

28   drivers had each earned $93.50 per day while working for CRST. (Compl., ¶ 4, n. 1.)

1   Plaintiffs allege that CRST has not paid any of its terminated California drivers the
2   amount of compensation to which they are entitled.  Therefore, Plaintiffs claim that
3   CRST is liable for $1,122,327 (400 drivers each receiving penalties of $93.50 per day for
4   thirty days) for its alleged violations of California Labor Code §§ 201-202.  If the same
5   calculation is performed using 3,033 drivers instead of 400, the amount in controversy
6   increases to $8,507,565 (3,033 drivers each receiving penalties of $93.50 per day for
7   thirty days).  That dollar amount exceeds the $5,000,000 jurisdictional minimum for
8   removal.

9          In addition, Plaintiffs seek damages of $1,641,050 for CRST's alleged failure to
10  pay wages due for pre- and post-trip inspection activities and for work-related delay time
11  less than 120 minutes.  (Compl., ¶ 4, n. 1.)  Plaintiffs do not allege dollar amounts for
12  their other two causes of action.

13         Therefore, the amount in controversy is at least $10,148,615, more than twice the
14  jurisdictional minimum for removal.

15         **6.     Class Action.**

16         This case meets the definitional requirements for a class action as provided by 28
17  U.S.C. §§ 1332(d)(1)(B), (2), and (5)(B), and 1453(a) and (b).  For removal to be
18  authorized by those provisions, the case must be brought as a class action under Rule 23,
19  Fed.R.Civ.Proc., or under a similar state statute or rule that authorizes one or more
20  representative persons to maintain a class action, and the class must have at least 100
21  members.  Plaintiffs assert that they are bringing this case as a class action under
22  California Code of Civil Procedure § 382 on behalf of more than 100 individual class
23  members.  (Compl., ¶¶ 7, 8; 1st Am. Compl., ¶¶ 7, 8.)  Section 382 authorizes class
24  actions in civil cases under California law.  *See Washington Mutual Bank v. Superior Ct.,*
25  24 Cal.4th 906, 913, 103 Cal. Rptr. 2d 320, 325-326, 15 P.3d 1071, 1076 (2001)

26         **7.     Timeliness of Removal.**

27         Pursuant to 28 U.S.C. § 1446(b), a defendant must file its notice of removal within
28  thirty days of being served with the initial pleading.  CRST was served with the initial

1  Summons and Complaint on July 2, 2009. Therefore, the last date upon which a timely
2  notice of removal could be filed is August 3, 2009.[1]  This Notice of Removal, therefore,
3  was timely filed on July 31, 2009.

4      8.     **Written Notice of Removal Given to Plaintiffs and Filed with Superior**
5  **Court Clerk.**

6      As 28 U.S.C. § 1446(d) requires, after filing this Notice of Removal in this Court,
7  CRST will promptly give a written notice of removal to Plaintiffs by sending a Notice of
8  Removal to Adverse Parties and State Court Clerk (in the form attached as Exhibit C) and
9  a copy of this Notice of Removal to Plaintiffs' counsel of record, and CRST will file a
10 copy of the Notice of Removal to Adverse Parties and State Court Clerk and of this
11 Notice of Removal with the Clerk of the Superior Court of California for the County of
12 Los Angeles.

13     **9.     No Waiver.**

14     By filing this Notice of Removal, CRST does not waive any defenses available to it
15 and does not admit any of Plaintiffs' material allegations, including their class action
16 allegations.

---

[1] The thirtieth day after July 2, 2008, is Saturday, August 1, 2009.  Because the thirtieth day falls on a weekend, the last day for filing the notice of removal is the next business day, which in this case is Monday, August 3, 2009. *See* Rule 6(a)(3), Fed.R.Civ.Proc.

1

2                                   **CONCLUSION**

3          Therefore, based on the foregoing, CRST respectfully removes this case to the

4  United States District Court for the Central District of California, Western Division.

5

6  Dated:  July 31, 2009                         Respectfully submitted,

7                                                JENNER & BLOCK LLP

8

9

10                                               Brent Caslin

11

12                                               Attorneys for Defendant
                                                 CRST Van Expedited, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CRST VAN EXPEDITED, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JACK RAY MORRISON, individually, and on behalf of all others similarly situated.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 25 2009

John A Clarke, Executive Officer/Clerk
By _____, Deputy
LAFLEUR-CLAYTON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

**CASE NUMBER:**
*(Número de Caso):*
BC 416493

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse on Hill St.
111 North Hill St.
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig Ackermann, Ackermann and Tilajef, P.C. 1180 S Beverly Dr., Suite 600, Los Angeles, CA, 90035
(310) 277-0614

**DATE:** JOHN A. CLARKE, CLERK, Clerk, by _____ , Deputy
*(Fecha)* *(Secretario)* AMBER LaFLEUR-CLAYTON *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

[SEAL]
JUN 25 2009

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

P.023

**Exhibit A page 1 of 71**

| | |
|---|---|
| 1 | ACKERMANN & TILAJEF, P.C. |
| 2 | CRAIG J. ACKERMANN, CA BAR NO. 229832<br>TATIANA HERNANDEZ, CA BAR NO. 255322 |
| 3 | 1180 SOUTH BEVERLY DRIVE, SUITE 600<br>LOS ANGELES, CA 90035 |
| 4 | (310) 277-0614 (PHONE)<br>(310) 277-0635 (FAX) |
| 5 | CJA@LABORGATORS.COM |
| 6 | ATTORNEYS FOR PLAINTIFF JACK RAY MORRISON |

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**JUN 25 2009**

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
A. Ei LaFLEUR-CLAYTON

7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

COUNTY OF LOS ANGELES

9

(UNLIMITED JURISDICTION)

10

**BC416499**

| | | |
|---|---|---|
| 10 | JACK RAY MORRISON, individually and<br>on behalf of all others similarly situated, | CASE NO. _____ |
| 11 | | **CLASS ACTION COMPLAINT FOR:** |
| 12 | PLAINTIFF, | |
| 13 | | (1) **FAILURE TO PAY WAGES DUE**<br>**FOR PRE-AND POST-TRIP** |
| 14 | V. | **WORK AND FOR DELAY TIME**<br>**LESS THAN 120 MINUTES (CAL.** |
| 15 | CRST VAN EXPEDITED INC., | **LABOR CODE §§ 1194, 1194.2)**<br>(2) **FAILURE TO PAY THE** |
| 16 | DEFENDANT. | **PROMISED AND STATED PIECE-**<br>**RATE(CAL. LABOR CODE §§** |
| 17 | | **222-223);**<br>(3) **FAILURE TO PAY WAGES DUE** |
| 18 | | **ON TERMINATION (CAL.**<br>**LABOR CODE §§ 201-203); AND** |
| 19 | | (4) **UNFAIR/UNLAWFUL BUSINESS**<br>**PRACTICES (CAL. BUS. AND** |
| 20 | | **PROF. CODE §§ 17200 ET SEQ);**<br>**AND** |
| 21 | | **JURY DEMAND** |

22

Plaintiff JACK RAY MORRISON ("Plaintiff"), by and through his undersigned

23

attorneys, for his Class Action Complaint against Defendant CRST VAN EXPEDITED INC.

24

("CRST"), respectfully alleges the following:

25

26

27

28

P.001

JUN-29-2009  14:68

# I.

## NATURE OF ACTION

1.     Plaintiff brings this action on behalf of himself, as a class action, and on behalf of the California general public, against Defendant CRST for its failure to pay its California truck drivers minimum wage for their work-time spent on pre- and post-trip work in California and for their delay time of less than 120 minutes in California; and for the time spent driving from the Fontana truck yard to the Long Beach and Compton loading docks in California; and for failure to pay former drivers all wages due upon termination of employment; and its unfair business practices based on the foregoing, As a result of these acts or omissions, Defendant CRST has violated California statutory laws as described below.

# II.

## JURISDICTION AND VENUE

2.     Venue is proper in this county under California Business and Professions Code § 17203 and California Code of Civil Procedure §§ 395(a) and 395.5.  Defendant CRST maintains and operates its Southern California facility, currently located at 10641 Calabash Ave, in Fontana, CA, in San Bernardino County.  CRST's main Southern California loading docks are in Compton and Long Beach, within Los Angeles County. Many of the acts, as well as the course of conduct charged herein, occurred in San Bernardino County and Los Angeles County.

3.     Defendant CRST is within the jurisdiction of this Court.  Defendant CRST transacts millions of dollars of business by transporting freight, various dry goods and consumables from the Long Beach and Compton Port in the State of California in Los Angeles County.  Thus, Defendant CRST has obtained the benefits of the laws of the State of California and its handling and transportation of various freight.

4.     The total amount in controversy for the named Plaintiff's claims is less than $6,000.  In addition, Plaintiff asserts no claims arising under federal law.  Rather, Plaintiff brings causes of action based solely on, and arising from, California law.  The claims of the class are also individual claims for violations of California law described herein.  These claims arise from Defendant CRST's common and systemic failure to pay minimum wage for hours worked to

1   drivers for their pre- and post-trip work; failure to pay drivers for other delay time; its failure to

2   pay all compensation due to former drivers upon their separation from employment with

3   Defendant; and its unfair business practices based on the foregoing.  The total aggregated value

4   of the claims asserted herein on behalf of Plaintiff and the class, including interest, and estimated

5   attorneys' fees necessary to litigate the case, amounts to no more than $3.0 million[1].

6

7                                                   **III.**

8                                          **THE PARTIES**

9

10          5.      Plaintiff JACK RAY MORRISON ("Plaintiff") is a California resident who was

11   employed by Defendant CRST from March 17, 2006 through January 7th 2007 as a truck driver

12   based in Southern California.  From at least June 25th, 2004 through the present, CRST's

13   drivers, including Plaintiff during his employment, were not paid minimum wage for hours

14   worked for by CRST for their pre- and post-trip work and during their delay time; and did not

15

16   receive all wages due upon termination of employment.

17          6.      Defendant CRST VAN EXPEDITED INC. is incorporated under the laws of the

18   State of Iowa and is headquartered in Cedar Rapids. CRST is a privately held international

19

20          [1] Each Driver spends, on average, a total of 6 hours per month on (a) pre-trip activities
21   within California; (b) post-trip activities within California and; (c) time spent driving from the
     Fontana truck yard to any of the California loading docks. This results in 52.5 hours of time per
22   year per driver (assuming each driver works only 35 weeks per year). Over the course of 4 years,
     each Driver engages in 210 hours of aforementioned activities. Plaintiff believes there are at least
23   400 Drivers at any one time ("FTE's"), leading to 84,000 total unpaid hours. At a rate of $8./hour
24   (i.e. minimum wage), Plaintiff believes that Defendant CRST owes, when taking into account
     liquidated damages as well as compounded interest, a total of $1,641,050. Section 203 of the
25   California Labor Code provides that if an employer willfully fails to pay compensation promptly
     upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable
26   for penalties in the form of continued compensation up to 30 work days, adding an additional
     $1,122,327 (assuming 400 former drivers in the class each earning $93.50/day) of damages,
27   totaling $2,763,772.

28

1  provider and operator of transportation systems and related services. Defendant CRST transacts

2  millions of dollars per year of business in California transporting dry goods, consumables and

3  general freight from the Long Beach and Compton Port to various destinations across the

4  Continental United States. Defendant CRST failed to register an agent for service of process in

5

6  California, in violation of California Business and Professions Code, however, CRST's

7  registered agent for service of process in Iowa is Victoria L Bares, located at 3930 16th Ave

8  SW, Cedar Rapids IA, 52404.

9

10                                           IV.

11                          CLASS ACTION ALLEGATIONS

12        7.      Plaintiff brings this case as a class action pursuant to California

13  Code of Civil Procedure § 382 on behalf of a class consisting of:

14

15              all current and former truck drivers employed by CRST, INC., ("CRST")
                who were based in California, and who drove routes originating within the
16              State of California any time during the period from June 25, 2005 through
                the present (the "Class Period").

17        8.      Plaintiff believes there are at least 800 current and former employees in the Class.

18  Given Defendant CRST's systemic failure to comply with California law regarding payment

19  of minimum wage for pre- and post-trip pay, and for delay time, the members of the Class are so

20

21  numerous that joinder of all members is impractical.

22        9.      Plaintiff's claims are typical of the claims of the members of the Class, because he

23  and they were truck drivers who, during the Class Period, sustained damages arising out of

24

25  Defendant CRST's (a) failure to pay minimum wage for pre- and post-trip working time and for

26  delay time less than 120 minutes; (b) failure to pay for the time spent driving from the Fontana

27  truck yard to the Long Beach and Compton loading docks in California; and (c) failure to pay all

28

1  compensation due to former drivers who are members of the Class upon their separation of

2  employment from CRST.

3

4      10.    Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff

5  has no conflict of interest with any member of the Class. Plaintiff has retained counsel

6  competent and experienced in complex, class action litigation.

7

8      11.    Common questions of law and fact exist as to all members of the Class, and

9  predominate over any questions solely affecting individual members of the Class. Among the

10  questions of law and fact common to Plaintiff and the Class are:

11

12      a.   Whether Plaintiff and each member of the class were not paid minimum wage for

13          each hour worked or part thereof for the each of the following pre-trip inspection

14          activities:

15

16          (i)    checking the Qualcomm Communication Device for route and scheduling

17                 information;

18          (ii)   confirming all safety equipment on the tractor and trailer;

19

20          (iii)  confirming operational safety of the governor on the air pump;

21

22          (iv)   confirming safety of the coupling and kingpin, by checking for cracks, leaks

23                 or  general damage where the trailer attaches to the tractor;

24          (v)    confirming working order of the landing gear;

25

26          (vi)   for pre-trip vehicle inspection activities that included checking the air

27                 pressure on tires, the windscreen wipers, the engine oil, the water, tire

28

- 5 -
*Plaintiff's Original Class Action Complaint*

pressure, and general fluid levels;

    (vii)    driving from the Fontana, CA Yard to Compton or Long Beach to pick up the load; and

    (viii)    completing paperwork, including driving manifest and logbook.

(the activities listed in 11(a)(i) through (v) will be referred to herein collectively known as "pre-trip inspection activities");

    b.    Whether Plaintiff and each member of the class were not paid minimum wage for each hour worked or part thereof for each of the following post-trip inspection activities conducted at the end of each shift:

    (i)    refueling the truck;

    (ii)    waiting time for refueling the truck;

    (iii)    air vacuuming the truck;

    (iv)    discarding the trash inside of truck;

    (v)    sponge cleaning the windows and mirrors;

    (vi)    parking truck in the yard;

    (vii)    inspecting tire air pressure, and refilling tires as needed;

    (viii)    checking fluid levels including oil levels and coolant levels;

    (ix)    inspecting the steering mechanism and brakes for potential damages;

    (x)    visually inspecting all brake lines for air leaks;

(xi)  confirming the safety of the fifth wheel of the tractor by checking for cracks and/or damage to the holding bolts;

(xii)  bleeding the air pressure from the air tanks to ensure air pressure warning light and audible alarm is in safe working condition;

(xiii)  checking for leaks in the shifter; and

(xiv)  confirming working order of all gauges, lights,

(the activities in 11(b)(i) through (viii) will be collectively referred to herein as "post-trip inspection activities")

c.  Whether Defendant CRST violated Sections 1194 and 1194.2 of the Labor Code by failing to pay Plaintiff and the members of the Class minimum wage for each hour worked or part thereof for their pre-trip inspection activities and post-trip inspection activities work performed for Defendant CRST;

d.  Whether Defendant CRST violated Sections 1194 and 1194.2 of the Labor Code by not compensating the Plaintiff and members of the class for each hour worked for non piece-rate work, including work-related delay time less than 120 minutes;

e.  Whether Defendant CRST's policy of not compensating the Plaintiff and each member of the class for each hour worked for non piece-rate worked constituted an illegal averaging method in violation of California Labor Code Sections 222 through 223;

f.  Whether Defendant CRST violated Section 203 of the Labor Code by failing to

- 7 -
*Plaintiff's Original Class Action Complaint*

1    compensate former drivers who are members of the Class for all wages due to them

2    upon separation of employment from CRST; and

3

4    g.    Whether the violations alleged in (a) through (g) above constitute unfair business

5    practices in violation of California's Unfair Competition Law, Section 17200 et seq.

6    of the Business and Professions Code.

7

8    12.    Class action treatment is superior to any alternative to ensure the fair and efficient

9    adjudication of the controversy alleged herein. Such treatment will permit a large number of

10    similarly situated persons to prosecute their common claims in a single forum simultaneously,

11    efficiently, and without duplication of effort and expense that numerous individuals would entail.

12    No difficulties are likely to be encountered in the management of this class action that would

13    preclude its maintenance as a class action, and no superior alternative exists for the fair and

14    efficient adjudication of this controversy. The Class members are readily identifiable from

15    Defendant CRST's employee rosters and/or payroll records.[2]

16

17    13.    Defendant CRST's actions are generally applicable to the entire Class.

18    Prosecution of separate actions by individual members of the Class creates the risk of

19    inconsistent or varying adjudications of the issues presented herein, which, in turn, would

20    establish incompatible standards of conduct for Defendant CRST.

21

22    14.    Because joinder of all members is impractical, a class action is superior to other

23    available methods for the fair and efficient adjudication of this controversy. Furthermore, the

24    amounts at stake for many members of the Class, while substantial, may not be sufficient to

25

26

27    [2] Under California law, Defendant CRST must keep payroll records for all employees for at least

28    two years. See, Cal. Labor Code §1174(d).

1   enable them to maintain separate suits against Defendant CRST.

2                                                    V.

3                              FACTUAL ALLEGATIONS

4
5          15.    Plaintiff and the members of the Class were employed as truck drivers in

6   California by Defendant CRST at various times during the Class Period. At any one time during

7   the Class Period, Defendant CRST employed a total of approximately 400 full-time drivers.

8   Due to annual driver turn-over, the total number of Class members employed by Defendant

9
10  CRST in California during the Class Period is estimated to be approximately 800 drivers.

11         16.    During the Class Period, Plaintiff Jack Ray Morrison, like the other members of

12  the Class, typically worked 11 hours per day, 7 days per week, and 35 weeks per year.

13         17.    During the Class Period, Defendant CRST compensated drivers based on a piece-

14  rate formula on a wage-per-mile basis, coupled with a delay payment known to the drivers as a

15
16  "Layover Pay," which consisted of a flat rate of $18 should drivers be delayed over 120 minutes.

17         18.    On a daily basis throughout the Class Period, Plaintiff and the members of the

18  Class spent approximately 20 to 25 minutes of working time on "pre-trip inspection activities"

19  and approximately 20 to 25 minutes on their "post-trip inspection activities".  Defendant CRST

20  did not pay Plaintiff and the other members of the Class for each hour worked or part thereof for

21
22  their pre- and post-trip inspection activities performed for CRST in California.

23         19.    Additionally and/or alternatively, if Defendant CRST maintains that its piece- rate

24  pay system somehow included drivers' pre- and post-trip working time, then Defendant CRST

25  consistently paid drivers less than its stated piece-rates, since the pay for each piece-rate was

26
27  illegally averaged to include pre- and post-trip time, as well as work-related delay time less than

28  120 minutes.

                                            - 9 -
                          *Plaintiff's Original Class Action Complaint*

20. Additionally, Plaintiff and the other members of the class experienced delay time, often above 120 minutes, at various loading docks and delivery sites within California, for which they were not compensated. These delay periods occurred frequently; often Plaintiff experienced such delays multiple times per week in California.

21. Additionally, Plaintiff and the other members of the class were required to drive from the Fontana truck yard to the Compton and/or Long beach loading dock. Plaintiff and the other members of the class were not compensated for this time.

22. Following Plaintiff's separation from employment with Defendant CRST, he, like other former employees in the class, did not receive pay for all of their pre- and post-trip working time, delay time less than 120 minutes and/or for the full stated amount of their piece-rates.

23. From at least June 25, 2005 through the present, Defendant CRST has adopted, and is using, unfair business practices to minimize its drivers' compensation and increase profits. Among these unfair business practices are causing drivers to work without paying minimum wage for each hour worked or part thereof for their pre- and post-trip work, delay time under 120 minutes and/or for the full amount of their stated and promised piece-rates; and failing to pay former drivers all wages due upon separation of their employment with CRST.

**VI.**

**AS AND FOR THE FIRST CAUSE OF ACTION**

Failure to Pay Wages Due For Pre- and Post-Trip Inspection Activities and for Work-Related Delay Time Less than 120 Minutes

(Cal. Labor Code §§ 1194, 1194.2)

24. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

- 10 -
*Plaintiff's Original Class Action Complaint*

25.    The actionable period for the case of action is June 25th, 2006 through the present.

26.    Section 1194 of the Labor Code provides, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... , including interest thereon, reasonable attorney's fees, and costs of suit.

27.    Section 1194.2 of the Labor Code provides, in relevant part:

In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

28.    Defendant CRST failed to compensate Plaintiff and members of the Class for the hours worked while engaged in pre-trip inspection activities, post-trip inspection activities, and work-related delay time.

29.    During the Class Period, Plaintiff and the members of the Class did not receive any payment for the hours worked while they were engaged in pre-trip inspection activities, post-trip inspection activities, and work-related delay time, despite the fact that the hours worked by the drivers' performing pre-trip inspection activities and post-trip inspection activities was compensable under the California Labor Code and applicable case law.

30.    Accordingly, pursuant to §§1194 and 218 of the California Labor Code, Plaintiff and the Class are entitled to recover minimum wage for all hours worked while engaged in pre-trip inspection activities, post-trip inspection activities, and work-related delay time.

37.   If Defendant CRST argues that its piece rate somehow includes pre and post trip activities, as well as delay time under 120 minutes, then it paid Plaintiff and other members of the class less than the applicable and stated piece-rate.

38.   Accordingly, Defendant CRST violated sections 222 and 223 of the Labor Code. Therefore, Defendant CRST is liable for the difference between its stated piece rate and the rate actually paid, plus interest and attorney's fees.[3]

## AS AND FOR THIRD CAUSE OF ACTION

### Failure to Pay Compensation Due Upon Termination

### (Cal. Labor Code §§ 201-203)

39.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40.   Sections 201 and 202 of the California Labor Code require Defendant CRST to pay all compensation due and owing to former drivers at or around the time employment is terminated.  Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

---

[3] Plaintiff concedes that his second cause of action is only viable to the extent that Defendant CRST can prove that it averaged out its piece rate to include time spent on pre-trip and post-trip activities. However, Defendant CRST never informed Plaintiff of this intent. Moreover, Defendant CRST never communicated to any members of the class that it was averaging the stated piece rate to include time spent on pre-trip and post-trip activities and delay time.

41.   The actionable period for this cause of action is June 25, 2006 through the present.

42.   Defendant CRST willfully failed to pay Plaintiff and other members of the Class who are no longer employed by Defendant minimum wage for their hours worked for their pre-trip inspection activities, post-trip inspection activities, and work-related delay time upon their termination or separation from employment with Defendant as required by California Labor Code §§ 201 and 202.

43.   As a result, Defendant is liable to Plaintiff and other members of the Class who are no longer employed by Defendant for waiting time penalties amounting to thirty (30) days wages for Plaintiff and each such Class member pursuant to California Labor Code § 203. *See, e.g., DLSE Manual*, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

### AS AND FOR THE FOURTH CAUSE OF ACTION

#### Unfair/Unlawful/Fraudulent Business Practices

#### (Cal. Bus. & Prof. Code § 17200 et seq.)

44.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

45.   Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.

46.   Labor Code section 90.5(a) states that it is the public policy of California to force vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from

1   those who attempt to gain competitive advantage at the expense of their workers by failing to

2   comply with minimum labor standards.

3        47.   Through its actions alleged herein, Defendant CRST has engaged in unfair

4
5   competition within the meaning of Cal. Bus. & Prof. Code, § 17200, because Defendant CRST's

6   conduct has violated state wage and hour laws as herein described. Indeed, Defendant CRST's

7   conduct as herein alleged has damaged Plaintiff and the Class members by failing to pay them

8   minimum wage for their pre-trip and post-trip inspection activities, delay time, waiting time

9   penalties, and therefore was substantially injurious to Plaintiff and the Class members.
10
11       48.   Under Section 17208 of the California Business and Professions Code, the statute

12  of limitations for a claim under Section 17200 is four years. Accordingly, the actionable period

13  for this cause of action is June 25, 2005 through the present (i.e., the "Class Period").

14       49.   Beginning at a date unknown to Plaintiff, but at least as early as June 25, 2005,
15
16  Defendant CRST committed, and continues to commit, acts of unfair competition, as defined in §

17  17200 et seq. of the California Business and Professions Code by, among other things, engaging

18  in the acts and practices described above.

19       50.   Defendant CRST engaged in unfair competition in violation of Cal. Bus & Prof.
20
    Code, § 17200 et seq by violating, inter alia, each of the following:
21
22       a.    Cause of Action One as stated above;

23       b.    Cause of Action Two as stated above;

24       c.    Cause of Action Three as stated above;

25       d.    Cal. Labor Code § 1194 and 1194.2;
26
27       e.    Cal. Labor Code 222;

28       f.    Cal. Labor Code 226;

- 15 -
*Plaintiff's Original Class Action Complaint*

g.    Cal. Labor Code 223.

51.    Defendant CRST's course of conduct, act and practice in violation of the California laws mentioned in each paragraph above constitute separate and independent violations of 17200 et seq. of the California Business and Professions Code.

52.    The harm to Plaintiff and members of the Class members in being not being paid minimum wage for the hours worked for their pre-trip inspection activities and post-trip inspection activities and for work-related delay time, outweighs the utility, if any, of Defendant CRST's policies/practices and, therefore, Defendant CRST's actions described herein constitute an unfair business practice or act within the meaning of California Business and Professions Code § 17200.

53.    The unlawful, unfair and fraudulent business practices and acts of Defendant CRST, as described above, have injured Plaintiff and the Class, in that they have not received been paid minimum wage for the hours worked while being engaged in pre-trip inspection activities and post-trip inspection activities.

## VII.

### JURY DEMAND

54.    Plaintiff hereby demands trial by jury of his claims against Defendant CRST.

## VIII.

### PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and the members of the Class, prays for judgment against Defendant CRST as follows:

1.    An Order than this action may proceed and be maintained as a class action;

- 16 -
*Plaintiff's Original Class Action Complaint*

2.     On the First Cause of Action: (a) a declaratory judgment that Defendant CRST violated Labor Codes §§ 1194,1194.2 by failing to pay Plaintiff and other members of the Class minimum wage for the hours worked for their pre-trip inspection activities, post-trip inspection activities and work-related delay time; and (b) An award to Plaintiff and other members of the Class in the amount of their unpaid minimum wages owed to them for their pre-trip inspection activities, post-trip inspection activities, and delay time (collectively known as "unpaid minimum wages"), plus liquidated damages in an additional amount equal to the unpaid minimum wages during the Class Period, as well as an award of costs, interest, and reasonable attorney's fees;

3.     On the Second Cause of Action: (a) a declaratory judgment that Defendant CRST violated Labor Code §§ 222 and 223 by failing to pay the promised and stated piece rate; (b) An award to Plaintiff and other members of the class in the amount of their unpaid wages owed to them for the difference between the stated piece rate and the actual rate paid, plus an award of costs, interest, and reasonable attorney's fees;

4.     On the Third Cause of Action: (a) a declaratory judgment that Defendant CRST violated California Labor Code §§201 through 203; (b) Pursuant to Cal. Labor Code §§ 201-203, an award to Plaintiff and the Class Members who are no longer employed by Defendant CRST for waiting time penalties in the amount of 30 days wages per class member who is no longer employed by Defendant; and (c) An award to Plaintiff and the Class Members who are no longer employed by

1   Defendant CRST of reasonable attorneys' fees and costs pursuant to Labor Code

2   §218.5 and/or other state laws.

3   5.   On the Fourth Cause of Action: (a) An Order requiring Defendant CRST, its

4   agents, servants, and employees, and all persons acting, directly or indirectly, in

5   concert with them, to restore and disgorge all funds to each member of the Class

6   acquired by means of any act or practice declared by this Court to be unlawful,

7   unfair or fraudulent and therefore constituting unfair competition under § 17200

8   et seq of the Cal. Business and Professions Code; (b) Restitution, including, but

9   not limited to, the relief permitted pursuant to Labor Code §§ 222 and 223 and/or

10   1194 (i.e., pay for pre-and post-trip inspection time, delay time less than 120

11   minutes and/or for the full amount of the stated and promised piece-rates owed to

12   drivers); and (c) an award to Plaintiff and the Class members of their attorneys'

13   fees and costs of suit to the extent permitted by law, including, but not limited to,

14   Cal. Code of Civil Procedure §§ 1021.5, and Labor Code §§ 218 and/or 1194;

15   6.   All other relief as this Court deems proper.

Date: June 25, 2009
Los Angeles, California

Respectfully submitted,

ACKERMANN & TILAJEF, P.C.

By: _____

Craig J. Ackermann, State Bar No. 229832
Tatiana Hernandez, State Bar No. 255322
1180 South Beverly Drive, Suite 600
Los Angeles, CA 90035
(310) 277-0614 (telephone)
(310) 277-0635 (facsimile)

Counsel for Jack Ray Morrison

- 18 -
Plaintiff's Original Class Action Complaint

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES BC416403
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
### Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Mary Thornton House | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Carl J. West* | 311 | CCW |
| Hon. Ann I. Jones | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions

All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/09)  
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT --
UNLIMITED CIVIL CASE**

Page 1 of 2

Exhibit A page 19 of 71



*from the*
## LOS ANGELES SUPERIOR COURT
### ADR DEPARTMENT

If you have a general jurisdiction case involving one of these subject matter areas:

- commercial
- employment
- medical malpractice
- legal malpractice

- real estate
- trade secrets
- unfair competition
- at judges' discretion

### *Your case may be eligible for the court's pilot Neutral Evaluation (NE) program.*

- **NE can reduce litigation time and costs and promote settlement.**

- NE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- **NE is voluntary and confidential.**

- The benefits of NE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- **The first three (3) hours of the NE session are free of charge.**

For additional NE information, visit the Court's web site at www.lasuperiorcourt.org/adr

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Exhibit A page 21 of 71

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

## Asian-Pacific American Dispute Resolution Center
## (213) 250-8190
(Spanish & Asian languages capability)

## California Academy of Mediation Professionals
## (818) 377-7250

## Center for Conflict Resolution
## (818) 380-1840

## Inland Valleys Justice Center
## (909) 397-5780
(Spanish language capability)

## Office of the Los Angeles City Attorney Dispute Resolution Program
## (213) 485-8324
(Spanish language capability)

## Los Angeles County Bar Association Dispute Resolution Services
## toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

## Los Angeles County Department of Consumer Affairs
## (213) 974-0825
(Spanish language capability)

## The Loyola Law School Center for Conflict Resolution
## (213) 736-1145
(Spanish language capability)

## Martin Luther King Legacy Association Dispute Resolution Center
## (323) 290-4132
(Spanish language capability)

## City of Norwalk
## (562) 929-5603

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.

LAADR 007 07-04
LASC Approved

Page 1 of 2

P.021                                                      JUN-29-2009  16:01

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

## STIPULATION TO PARTICIPATE IN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

JUN-29-2009   16:01

Exhibit A page 23 of 71

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

CRAIG J. ACKERMANN, CA BAR NO. 229832
1180 S Beverly Dr, Suite 600
Los Angeles, CA, 90035
TELEPHONE NO: (310) 277-0614     FAX NO: (310) 277-0635
ATTORNEY FOR *(Name):* Jack Ray Morrison

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: Stanley Mosk Courthouse on Hill St
MAILING ADDRESS: 111 North Hill St
CITY AND ZIP CODE: Los Angeles, CA, 90012
BRANCH NAME: Central District

**CASE NAME:**
Jack Ray Morrison Vs. CRST Van Expedited Inc.

**FOR COURT USE ONLY**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 25 2009

John A Clarke, Executive Officer/Clerk
By LE FLEUR-NATION, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC416493 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Four - Violations of Cal. Labor Code §§ 1194, 222-223,203; and UCL claim
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
Craig J Ackerman
_____
(TYPE OR PRINT NAME)                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: Jack Ray Morrison Vs. CRST VAN EXPEDITED INC | CASE NUMBER BC416493 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check *one* Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

P.024    02:01  6002-62-NUL

Exhibit A page 25 of 71

| SHORT TITLE: Jack Ray Morrison Vs. CRST VAN EXPEDITED INC | CASE NUMBER |
| --- | --- |

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
| --- | --- | --- |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin (vertical labels): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

LACIV 109 (Rev. 01/07)       **CIVIL CASE COVER SHEET ADDENDUM**       LASC, rule 2.0
LASC Approved 03-04            **AND STATEMENT OF LOCATION**            Page 2 of 4

P.025                                                              JUN-29-2009 16:02

Exhibit A page 26 of 71

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Jack Ray Morrison Vs. CRST VAN EXPEDITED INC | | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3., |
| | Claims Involving Mass<br>Tort (40) | ☐ A6008  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

P.026

JUN-29-2009  16:02

Exhibit A page 27 of 71

| SHORT TITLE:<br>Jack Ray Morrison Vs. CRST VAN EXPEDITED INC | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Plaintiff worked as a truck driver in Los Angeles County; Plaintiff loaded his truck from the Long Beach and Compton loading docks, both situated within L.A County. |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE: | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___central___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: _6/25/2009_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Exhibit A page 28 of 71

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Craig J. Ackermann<br>Ackermann & Tilajef, P.C.<br>1180 S. Beverly Drive, Suite 600<br>Los Angeles, CA 90035<br>　　TELEPHONE NO.: 3102770614　　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* cja@laborgators.com<br>ATTORNEY FOR *(Name):* Jack Ray Morrison | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, 90035<br>BRANCH NAME: Stanley Mosk Courthouse |

| PLAINTIFF/PETITIONER: Jack Ray Morrison | |
|---|---|
| DEFENDANT/RESPONDENT: CRST Van Expedited, Inc. | CASE NUMBER:<br>BC416493 |

| PROOF OF SERVICE—CIVIL |   |
|---|---|
| **Check method of service *(only one):*** | JUDGE: Hon Elizabeth Allen-White |
| ☐ By Personal Service  ☑ By Mail  ☐ By Overnight Delivery<br>☐ By Messenger Service  ☐ By Fax  ☐ By Electronic Service | DEPT.: 48 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:

    1180 S. Beverly Drive, Suite 600, Los Angeles, CA 90035

3. ☐  The fax number or electronic notification address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* July 8, 2009　　　　I served the following documents *(specify):*

    Court Order designating Morrison v. CRST Van Expedited, Inc. (Case No. BC 416493) as non-complex


   ☐  The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

    a. Name of person served: Victoria L. Bares

    b. ☑  *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*

    Business or residential address where person was served:

    3930 16th Avenue Southwest, Cedar Rapids IA 52404

    c. ☐  *(Complete if service was by fax or electronic service.)*

    (1) Fax number or electronic notification address where person was served:


    (2) Time of service:

    ☐  The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

    a. ☐  **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

*(Continued on back)*

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. January 1, 2009] | PROOF OF SERVICE—CIVIL<br>(Proof of Service) | Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

POS-040

| CASE NAME: Jack Ray Morrison v. CRST Van Expedited, Inc | CASE NUMBER: BC416493 |
|---|---|

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

    (1) ☑ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    *I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at (city and state):*

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 8, 2009

Pablo Orozco
      (TYPE OR PRINT NAME OF DECLARANT)

▶ _____
      (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
      (NAME OF DECLARANT)

▶ _____
      (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

POS-040

## INFORMATION SHEET FOR PROOF OF SERVICE—CIVIL

*(This information sheet is not part of the official proof of service form and does not need to be copied, served, or filed.)*

### USE OF THIS FORM

**Note:** This proof of service form should **not** be used to show proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

This form is designed to be used to show proof of service of documents by (1) personal service, (2) mail, (3) overnight delivery, (4) messenger service, (5) fax, or (6) electronic transmission.

Certain documents must be personally served. For example, an order to show cause and temporary restraining order generally must be served by personal delivery. You must determine whether a document must be personally delivered or can be served by mail or another method.

### GENERAL INSTRUCTIONS

A person must be over 18 years of age to serve the documents. The person who served the documents must complete the Proof of Service. **A party to the action cannot serve the documents.**

The Proof of Service should be typed or printed. If you have Internet access, a fillable version of this proof of service form is available at *www.courtinfo.ca.gov/forms.*

*Complete the top section of the proof of service form as follows:*

<u>First box, left side:</u> In this box print the name, address, and telephone number of the person *for* whom you served the documents.

<u>Second box, left side:</u> Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as the address on the documents that you served.

<u>Third box, left side:</u> Print the names of the plaintiff/petitioner and defendant/respondent in this box. Use the same names as are on the documents that you served.

<u>Fourth box, left side:</u> Check the method of service that was used. You should check only one method of service and should show proof of only one method on the form. If you served a party by several methods, use a separate form to show each method of service.

<u>First box, top of form, right side:</u> Leave this box blank for the court's use.

<u>Second box, right side:</u> Print the case number in this box. The case number should be the same as the case number on the documents that you served.

<u>Third box, right side:</u> State the judge and department assigned to the case, if known.

*Complete items 1–6:*

1. You are stating that you are over the age of 18 and that you are not a party to this action.
2. Print your home or business address.
3. If service was by fax service or electronic service, print the fax number or electronic notification address from which service was made.
4. List each document that you served. If you need more space, check the box in item 4, complete the *Attachment to Proof of Service—Civil (Documents Served)* (form POS-040(D)), and attach it to form POS-040.
5. Provide the names, addresses, and other applicable information about the persons served. If more than one person was served, check the box on item 5, complete the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)), and attach it to form POS-040.
6. Check the box before the method of service that was used, and provide any additional information that is required. The law may require that documents be served in a particular manner (such as by personal delivery) for certain purposes. Service by fax or electronic transmission generally requires the prior agreement of the parties.

**You must sign and date the proof of service form. By signing, you are stating under penalty of perjury that the information that you have provided on form POS-040 is true and correct.**

POS-040 [Rev. January 1, 2009]

**PROOF OF SERVICE—CIVIL**
(Proof of Service)

Exhibit A page 31 of 71

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/01/09 | | DEPT. 311 |
| HONORABLE CARL J. WEST JUDGE | R. RULLY | DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC416493 | Plaintiff Counsel | NO APPEARANCES |
| | JACK RAY MORRISON | | |
| | VS | Defendant | |
| | CRST VAN EXPEDITED INC | Counsel | |
| | NON-COMPLEX (07-01-09) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Elizabeth Allen-White in Department 48 at Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 48 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 311 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 311 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page   1 of   2   DEPT. 311

MINUTES ENTERED
07/01/09
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/01/09 | | DEPT. 311 |
| HONORABLE CARL J. WEST    JUDGE | R. RULLY | DEPUTY CLERK |
| HONORABLE                   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE            Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC416493 | Plaintiff Counsel |
| | JACK RAY MORRISON | NO APPEARANCES |
| | VS | Defendant |
| | CRST VAN EXPEDITED INC | Counsel |
| | NON-COMPLEX (07-01-09) | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
07-02-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 07-02-09

John A. Clarke, Executive Officer/Clerk

By: _____**KIN HILAIRE**_____
          K. HILAIRE


ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann, Esq.
1180 South Beverly Drive, Suite 600
Los Angeles, California  90035

Page   2 of  2   DEPT. 311

MINUTES ENTERED
07/01/09
COUNTY CLERK

ORIGINAL FILED
FILE STAMP

JUL 0 9 2009

LOS ANGELES
SUPERIOR COURT

NOTICE SENT TO:

Ackermann, Craig J.
Ackermann & Tilajef, P.C.
1180 South Beverly Drive, Suite 600
Los Angeles          CA   90035

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| JACK RAY MORRISON | | **CASE NUMBER** |
| VS. | Plaintiff(s), | BC416493 |
| CRST VAN EXPEDITED INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for December 2, 2009 at 8:30 am in Dept. 48 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: July 9, 2009

**Elizabeth Allen White**
_____
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: July 9, 2009

John A. Clarke, Executive Officer/Clerk

by _____**SHARI SATO**_____, Deputy Clerk

LACIV 132 (Rev. 01/07)

Cal. Rules of Court, rule 3.720-3.730

Recd 7/23/07

Exhibit A page 34 of 71

2136281908

12:06:55 p.m.        07-17-2009        3/3

SUM-100

# SUMMONS On the FirST
## (CITACION JUDICIAL) ammended
complaint

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 17 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
KEI LAFLEUR-CLAYTON

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CRST VAN EXPEDITED, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JACK RAY MORRISON and STEVE CARSON, individually, and on
behalf of all others similarly situated.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: | |
|---|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* | BC416493 |

Stanley Mosk Courthouse on Hill St.
111 North Hill St.
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig Ackermann, Ackermann and Tilajef, P.C. 1180 S Beverly Dr., Suite 600, Los Angeles, CA, 90035
(310) 277-0614

| DATE: | JOHN A. CLARKE, CLERK Clerk, by | AMBER LaFLEUR-CLAYTON | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

JUL 17 2009

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

    under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                   Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 (Rev. January 1, 2004) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 American LegalNet, Inc. | www.USCourtForms.com |
|---|---|---|---|

Exhibit A page 35 of 71

2136261908                                                                12:05:42 p.m.     07-17-2009          2/3



1   ACKERMANN & TILAJEF, P.C.
    CRAIG J. ACKERMANN, CA BAR NO. 229832
2   TATIANA HERNANDEZ, CA BAR NO. 255322
    1180 SOUTH BEVERLY DRIVE, SUITE 600
3   LOS ANGELES, CA 90035
    (310) 277-0614 (PHONE)
4   (310) 277-0635 (FAX)
    CJA@LABORGATORS.COM
5

6   ATTORNEYS FOR PLAINTIFFS

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF LOS ANGELES

10                              (UNLIMITED JURISDICTION)

11   JACK RAY MORRISON, and STEVE        CASE NO: BC416493_
     CARSON, individually and on behalf of all
12   others similarly situated,          PLAINTIFFS' FIRST AMENDED
                                         CLASS ACTION COMPLAINT FOR:
13   PLAINTIFFS,
                                             (1) FAILURE TO PAY WAGES DUE
14   V.                                          FOR PRE-AND POST-TRIP
                                                 WORK AND FOR DELAY TIME
15                                               (CAL. LABOR CODE §§ 1194,
     CRST VAN EXPEDITED INC.,                    1194.2);
16                                           (2) FAILURE TO PAY THE
     DEFENDANT.                                  PROMISED AND STATED PIECE-
17                                               RATE(CAL. LABOR CODE §§
                                                 222-223);
18                                           (3) FAILURE TO PAY WAGES DUE
                                                 ON TERMINATION (CAL.
19                                               LABOR CODE §§ 201-203); AND
                                             (4) UNFAIR/UNLAWFUL BUSINESS
20                                               PRACTICES (CAL. BUS. AND
                                                 PROF. CODE §§ 17200 ET SEQ);
21                                               AND
                                             JURY DEMAND
22

23

24         Plaintiffs JACK RAY MORRISON and STEVE CARSON ("Plaintiffs"), by and through

25   their undersigned attorneys, for their First Amended Class Action Complaint against Defendant

26   CRST VAN EXPEDITED INC. ("CRST"), respectfully allege the following:

27

28

                                            - 1 -
                          *Plaintiffs' First Amended Class Action Complaint*

# I.

## NATURE OF ACTION

1.     Plaintiffs bring this action on behalf of themselves, as a class action, and on behalf of the California general public, against Defendant CRST for its failure to pay its California truck drivers minimum wage for their work-time spent on pre- and post-trip work in California (completely unpaid), for their delay time of less than 120 minutes in California (which was completely unpaid), and for their delay time over 2 hours in California for which CRST paid only $6.25 per hour (below the applicable California minimum wage), and for their time spent driving from the Fontana truck yard to the Long Beach and Compton loading docks in California; and failure to pay former drivers all wages due upon termination of employment; and its unfair business practices based on the foregoing. As a result of these acts or omissions, Defendant CRST has violated California statutory laws as described below.

# II.

## JURISDICTION AND VENUE

2.     Venue is proper in this county under California Business and Professions Code § 17203 and California Code of Civil Procedure §§ 395(a) and 395.5. Defendant CRST maintains and operates its Southern California facility, currently located at 10641 Calabash Ave, in Fontana, CA, in San Bernardino County. CRST's main Southern California loading docks are in Compton and Long Beach, within Los Angeles County. Many of the acts, as well as the course of conduct charged herein, occurred in San Bernardino County and Los Angeles County.

3.     Defendant CRST is within the jurisdiction of this Court. Defendant CRST transacts millions of dollars of business by transporting freight, various dry goods and consumables from the Long Beach and Compton Port in the State of California in Los Angeles County. Thus, Defendant CRST has obtained the benefits of the laws of the State of California and its handling and transportation of freight.

4.     The total amount in controversy for each of the named Plaintiffs' claims is less than $6,000. In addition, Plaintiffs assert no claims arising under federal law. Rather, Plaintiffs bring causes of action based solely on, and arising from, California law. The claims of the class

1   are also individual claims for violations of California law described herein.  These claims arise

2   from Defendant CRST's common and systemic failure to pay minimum wage for hours worked

3   to drivers for their pre- and post-trip work; failure to pay drivers minimum wage for other delay

4   time; its failure to pay all compensation due to former drivers upon their separation from

5   employment with Defendant; and its unfair business practices based on the foregoing.  The total

6   aggregated value of the claims asserted herein on behalf of Plaintiffs and the class, including

7   interest, and estimated attorneys' fees necessary to litigate the case, amounts to no more than

8   $3.0 million[1].

9

10

11

### III.

### THE PARTIES

12

13    5.    Plaintiff JACK RAY MORRISON is a California resident who was employed by

14   Defendant CRST from March 17, 2006 through January 7th 2007 as a truck driver based in

15   Southern California.  From at least June 25th, 2004 through the present, CRST's drivers,

16   including Plaintiff Morrisson during his employment, were not paid minimum wage for hours

17   worked for CRST for their pre- and post-trip work and during their delay time; and did not

18

19

20        [1] Each Driver spends, on average, a total of 6 hours per month on (a) pre-trip activities
21   within California; (b) post-trip activities within California; and (c) delay time and/or time spent
     driving from the Fontana truck yard to any of the California loading docks. On average, this
22   results in 52.5 hours of time per year per driver (assuming each driver works only 35 weeks per
     year). Over the course of 4 years, each Driver engages in 210 hours of aforementioned activities.
23   Plaintiff believes there are at least 400 Drivers at any one time ("FTE's"), leading to 84,000 total
24   unpaid hours. At a rate of $8./hour (i.e. minimum wage), Plaintiff believes that Defendant CRST
     owes, when taking into account liquidated damages as well as compounded interest, a total of
25   $1,641,050. Section 203 of the California Labor Code provides that if an employer willfully fails
     to pay compensation promptly upon discharge or resignation, as required by Sections 201 and
26   202, then the employer is liable for penalties in the form of continued compensation up to 30
27   work days, adding an additional $1,122,327 (assuming 400 former drivers in the class each
     earning $93.50/day) of damages, totaling $2,763,772.
28

1   receive all wages due upon termination of employment.

2

3        6.     Plaintiff STEVE CARSON is a California resident who was employed by

4   Defendant CRST from June 2008 through mid-July 2008 as a truck driver based in Southern

5   California.  From at least June 25th, 2004 through the present, CRST's drivers, including

6   Plaintiff Carson during his employment, were not paid minimum wage for hours worked for

7   CRST for their pre- and post-trip work and during their delay time; and did not receive all wages

8   due upon termination of employment.

9

10       7.     Defendant CRST VAN EXPEDITED INC. is incorporated under the laws of the

11  State of Iowa and is headquartered in Cedar Rapids. CRST is a privately held international

12  provider and operator of transportation systems and related services. Defendant CRST transacts

13  millions of dollars per year of business in California transporting dry goods, consumables and

14  freight from the Long Beach and Compton Port to various destinations across the United States.

15  Defendant CRST failed to register an agent for service of process in California, in violation of

16  California Business and Professions Code; however, CRST's registered agent for service of

17  process in Iowa is Victoria L Bares, located at 3930 16th Ave SW, Cedar Rapids IA, 52404.

18

19

20  **IV.**

21  **CLASS ACTION ALLEGATIONS**

22       7.     Plaintiffs bring this case as a class action pursuant to California

23  Code of Civil Procedure § 382 on behalf of a class consisting of:

24

25                          **all current and former truck drivers employed by CRST VAN**

26                          **EXPEDITED, INC., ("CRST") who were based in California, and who**

27                          **drove routes for CRST originating or ending within the State of California**
                            **any time during the period from June 25, 2005 through the present (the**
                            **"Class Period").**

28

*- 4 -*
*Plaintiffs' First Amended Class Action Complaint*

8.      Plaintiffs believe there are at least 800 current and former employees in the Class. Given Defendant CRST's systemic failure to comply with California law regarding payment of minimum wage for pre- and post-trip pay, and for delay time, the members of the Class are so numerous that joinder of all members is impractical.

9.      Plaintiffs' claims are typical of the claims of the members of the Class, because they were all truck drivers who, during the Class Period, sustained damages arising out of Defendant CRST's (a) failure to pay the California minimum wage for pre- and post-trip working time and for delay time; (b)failure to pay for the time spent driving from the Fontana truck yard to the Long Beach and Compton loading docks in California; and (c) failure to pay all compensation due to former drivers who are members of the Class upon their separation of employment from CRST.

10.     Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any member of the Class. Plaintiffs have retained counsel competent and experienced in complex, class action litigation.

11.     Common questions of law and fact exist as to all members of the Class, and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and the Class are:

a.   Whether Plaintiffs and each member of the class were not paid minimum wage for each hour worked or part thereof for the each of the following pre-trip inspection activities:

(i)    checking the Qualcomm Communication Device for route and scheduling

- 5 -
*Plaintiffs' First Amended Class Action Complaint*

information;

    (ii)    confirming all safety equipment on the tractor and trailer;

    (iii)   confirming operational safety of the governor on the air pump;

    (iv)   confirming safety of the coupling and kingpin, by checking for cracks, leaks or general damage where the trailer attaches to the tractor;

    (v)    confirming working order of the landing gear;

    (vi)   for pre-trip vehicle inspection activities that included checking the air pressure on tires, the windscreen wipers, the engine oil, the water, tire pressure, and general fluid levels;

    (vii)   driving from the Fontana, CA Yard to Compton or Long Beach to pick up the load; and

    (viii)  completing paperwork, including driving manifest and logbook.

(the activities listed in 11(a)(i) through (v) will be referred to herein collectively known as "pre-trip inspection activities");

  b.  Whether Plaintiffs and each member of the class were not paid minimum wage for each hour worked or part thereof for each of the following post-trip inspection activities conducted at the end of each shift:

    (i)    refueling the truck;

    (ii)   waiting time for refueling the truck;

    (iii)   air vacuuming the truck;

(iv)   discarding the trash inside of truck;

(v)   sponge cleaning the windows and mirrors;

(vi)   parking truck in the yard;

(vii)   inspecting tire air pressure, and refilling tires as needed;

(viii)   checking fluid levels including oil levels and coolant levels;

(ix)   inspecting the steering mechanism and brakes for potential damages;

(x)   visually inspecting all brake lines for air leaks;

(xi)   confirming the safety of the fifth wheel of the tractor by checking for cracks and/or damage to the holding bolts;

(xii)   bleeding the air pressure from the air tanks to ensure air pressure warning light and audible alarm is in safe working condition;

(xiii)   checking for leaks in the shifter; and

(xiv)   confirming working order of all gauges, lights,

(the activities in 11(b)(i) through (viii) will be collectively referred to herein as "post-trip inspection activities")

c.   Whether Defendant CRST violated Sections 1194 and 1194.2 of the Labor Code by failing to pay Plaintiffs and the members of the Class minimum wage for each hour worked or part thereof for their pre-trip inspection activities and post-trip inspection activities work performed for Defendant CRST;

d. Whether Defendant CRST violated Sections 1194 and 1194.2 of the Labor Code by not compensating the Plaintiffs and members of the class for each hour worked for non piece-rate work, including work-related delay time less than 120 minutes (completely unpaid) and for paying less than California minimum wage for delay time within California longer than 2 hours (paid at $6.25/hour);

e. Whether Defendant CRST's policy of not compensating Plaintiffs and each member of the class for each hour worked for non piece-rate worked constituted an illegal averaging method in violation of California Labor Code Sections 222 through 223 and/or whether CRST paid less than the stated and promised piece-rate in violation of Section 223 of the Labor Code;

f. Whether Defendant CRST violated Section 203 of the Labor Code by failing to compensate former drivers who are members of the Class for all wages due to them upon separation of employment from CRST; and

g. Whether the violations alleged in (a) through (f) above constitute unfair business practices in violation of California's Unfair Competition Law, Section 17200 et seq. of the Business and Professions Code.

12. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and

1   efficient adjudication of this controversy. The Class members are readily identifiable from

2   Defendant CRST's employee rosters and/or payroll records.[2]

3

4        13.    Defendant CRST's actions are generally applicable to the entire Class.

5   Prosecution of separate actions by individual members of the Class creates the risk of

6   inconsistent or varying adjudications of the issues presented herein, which, in turn, would

7   establish incompatible standards of conduct for Defendant CRST.

8

9        14.    Because joinder of all members is impractical, a class action is superior to other

10   available methods for the fair and efficient adjudication of this controversy. Furthermore, the

11   amounts at stake for many members of the Class, while substantial, may not be sufficient to

12   enable them to maintain separate suits against Defendant CRST.

13

14   **V.**

15   **FACTUAL ALLEGATIONS**

16        15.    Plaintiffs and the members of the Class were employed as truck drivers in

17   California by Defendant CRST at various times during the Class Period. At any one time during

18   the Class Period, Defendant CRST employed an estimated total of approximately 400 full-time

19   drivers based in California.   Due to annual driver turn-over, the total number of Class members

20   employed by Defendant CRST in California during the Class Period is estimated to be

21   approximately 800 drivers.

22

23        16.    During the Class Period, Plaintiffs, like the other members of the Class, typically

24   worked 11 hours per day, 7 days per week, and 35 weeks per year.

25

26   _____

27   [2] Under California law, Defendant CRST must keep payroll records for all employees for at least

28   two years. See, Cal. Labor Code §1174(d).

17. During the Class Period, Defendant CRST compensated drivers based on a piece-rate formula on a wage-per-mile basis, coupled with a delay payment known to the drivers as a "Layover Pay," which consisted of a flat rate of $6.25/hour should drivers be delayed over 120 minutes. Attached as Exhibit A hereto is a 7 page document issued by CRST to new hires, including a section entitled, "The Most Frequently Asked Questions". On pages 4 and 5, CRST describes its compensation plan, which was applicable to all new drivers, including its "mileage pay" rates based on years of experience and miles driven per week ("Pay is based on All Miles [driven]"), and its "Detention Pay" policy: "$6.25/hour after 2 hours…". *See*, Exhibit A. There was and is no provision in CRST's compensation package for the payment of drivers for their pre and post-trip inspection activities or for delay time under two hours in California. *Id.*

18. On a daily basis throughout the Class Period, Plaintiffs and the members of the Class spent approximately 20 to 25 minutes of working time on "pre-trip inspection activities" and approximately 20 to 25 minutes on their "post-trip inspection activities". Between 1 and 5 times per month, Plaintiffs and the members of the Class performed pre- and/or post-trip inspection activities for CRST within the State of California. Defendant CRST did not pay Plaintiffs and the other members of the Class for each hour worked or part thereof for their pre- and post-trip inspection activities performed for CRST in California.

19. Additionally and/or alternatively, if Defendant CRST maintains that its piece- rate pay system somehow included drivers' pre- and post-trip working time, then Defendant CRST consistently paid drivers less than its stated piece-rates, since the pay for each piece-rate was illegally averaged to include pre- and post-trip time in California, as well as work-related delay time less than 120 minutes.

- 10 -
*Plaintiffs' First Amended Class Action Complaint*

20.     Additionally, Plaintiffs and the other members of the class experienced delay time, often longer than 120 minutes, at various loading docks and delivery sites within California, for which they were not compensated. These delay periods occurred frequently; often Plaintiffs experienced such delays multiple times per week in California.

21.     Additionally, between 1 and 5 times per month, Plaintiffs and the members of the class were required to drive from the Fontana truck yard to the Compton and/or Long beach loading dock. Plaintiffs and the other members of the class were not compensated for this time.

22.     Following Plaintiffs' separation from employment with Defendant CRST, they, like other former employees in the class, did not receive pay for all of their pre- and post-trip working time, delay time less than 120 minutes, the difference between $6.25 and California minimum wage for their delay time in California longer than 2 hours, and/or for the full stated amount of their piece-rates.

23.     From at least June 25, 2005 through the present, Defendant CRST has adopted, and is using, unfair business practices to minimize its drivers' compensation and increase profits. Among these unfair business practices are causing drivers to work without paying minimum wage for each hour or part thereof worked in California for their pre- and post-trip work, delay time under 120 minutes, delay time over 2 hours (for which they only received $6.25/hr), and/or for the full amount of their stated and promised piece-rates; and failing to pay former drivers all wages due upon separation of their employment with CRST.

## VI.

### AS AND FOR THE FIRST CAUSE OF ACTION

Failure to Pay Wages Due For Pre- and Post-Trip Inspection Activities

And for Work-Related Delay or Detention Time

(Cal. Labor Code §§ 1194, 1194.2)

24.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

25.     The actionable period for the case of action is June 25th, 2006 through the present.

26.     Section 1194 of the Labor Code provides, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... , including interest thereon, reasonable attorney's fees, and costs of suit.

27.     Section 1194.2 of the Labor Code provides, in relevant part:

In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

28.     Defendant CRST failed to compensate Plaintiffs and members of the Class for the hours worked in California while engaged in pre-trip inspection activities, post-trip inspection activities, and work-related delay time, as described *supra*.

29.     During the Class Period, Plaintiffs and the members of the Class did not receive any payment for the hours worked while they were engaged in pre-trip inspection activities, post-

1  trip inspection activities, and work-related delay time under 2 hours in California, despite the fact

2  that the hours worked by the drivers' performing pre-trip inspection activities and post-trip

3  inspection activities was compensable under the California Labor Code and applicable case law.

4
5  Moreover, for detention time longer than 2 hours in California, CRST failed to pay California

6  minimum wage, but only paid the class $6.25/hour.

7      30.      Accordingly, pursuant to §§1194 and 218 of the California Labor Code, Plaintiffs

8  and the Class are entitled to recover minimum wage for all hours worked while engaged in pre-

9  trip inspection activities, post-trip inspection activities, and work-related delay time.

10
11     31.      Furthermore, pursuant to §§ 1194.2 and 218 of the California Labor Code,

12  Plaintiffs and the Class are entitled to recover liquidated damages in an additional amount equal

13  to the amount they are entitled to under §1194.

14     32.      Pursuant to Section 1194 of the Labor Code, Plaintiffs and the Class are also

15  entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

16
17              **AS AND FOR THE SECOND CAUSE OF ACTION**

18              **Failure to Pay The Promised And Stated Piece-Rate**

19                    **(Cal. Labor Code §§ 222-223)**

20     33.      Plaintiffs re-allege and incorporate by reference each and every allegation set

21
22  forth in the preceding paragraph.

23     34.      The actionable period for this cause of action is June 25, 2006 through the

24  present.

25     35.      Section 222 of the Labor Code provides: "It shall be unlawful, in case of any

26
27  wage agreement arrived at through collective bargaining, either willfully or unlawfully or with

28

1  intent to defraud an employee, a competitor, or any other person, to withhold from said employee

2  any part of the wage agreed upon."

3      36.    Section 223 of the Labor Code further provides: "Where any statute or contract

4

5  requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a

6  lower wage while purporting to pay the wage designated by statute or by contract."

7      37.    As set forth above, during the Class Period, Plaintiffs and the members of the

8  Class were required by Defendant CRST to perform pre-trip inspection activities and post-trip

9  inspection activities, as well as various work related delays less than 120 minutes in California.

10

11      38.    If Defendant CRST argues somehow that its piece rate somehow includes pre and

12  post trip activities, as well as delay time under 120 minutes, then it paid Plaintiffs and other

13  members of the class less than the applicable and stated piece-rates per mile, as set forth and

14  described in Exhibit A hereto.

15      39.    Accordingly, as to Plaintiffs and the class, Defendant CRST violated sections 222

16

17  and 223 of the Labor Code. Therefore, Defendant CRST is liable for the difference between its

18  stated piece rate and the rate actually paid, plus interest and attorney's fees.[3]

19

20

21

22

23

_____

24  [3] Plaintiffs concede that their second cause of action is only viable to the extent that Defendant
25  CRST can prove it somehow legally averaged out its piece rate to include time spent on pre-
    trip and post-trip activities, and delay time under 2 hours. However, Defendant CRST never
26  informed Plaintiffs and the class of this intent. Moreover, Defendant CRST never
27  communicated to any members of the class that it intended to average the stated piece rate to
    include time spent on pre-trip and post-trip activities and delay time.
28

- 14 -
*Plaintiffs' First Amended Class Action Complaint*

## AS AND FOR THIRD CAUSE OF ACTION

### Failure to Pay Compensation Due Upon Termination

### (Cal. Labor Code §§ 201-203)

40.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

41.     Sections 201 and 202 of the Californai Labor Code require Defendant CRST to pay all compensation due and owing to former drivers at or around the time their employment is terminated.

42.     Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

43.     The actionable period for this cause of action is June 25, 2006 through the present.

44.     Defendant CRST willfully failed to pay Plaintiffs and other members of the Class who are no longer employed by Defendant CRST minimum wage for their hours worked for their pre-trip inspection activities, post-trip inspection activities, and work-related delay time upon their termination or separation from employment with Defendant as required by California Labor Code §§ 201 and 202.

45.     As a result, Defendant CRST is liable to Plaintiffs and other members of the Class who are no longer employed by Defendant for waiting time penalties amounting to thirty (30) days wages for Plaintiffs and each such Class member pursuant to California Labor Code § 203.

- 15 -
*Plaintiffs' First Amended Class Action Complaint*

1  *See, e.g., DLSE Manual*, 4.3.4 (failure to pay any sort of wages due upon termination entitles an
2  employee to recover waiting time penalties).

3
### AS AND FOR THE FOURTH CAUSE OF ACTION
4
5
**Unfair/Unlawful/Fraudulent Business Practices**
6
**(Cal. Bus. & Prof. Code § 17200 et seq.)**

7       46.     Plaintiffs re-allege and incorporates by reference each and every allegation set
8  forth in the preceding paragraphs.

9       47.     Section 17200 of the California Business & Professions Code prohibits any
10
11  unlawful, unfair, or fraudulent business practices.

12       48.     Labor Code section 90.5(a) states that it is the public policy of California to force
13  vigorously minimum labor standards in order to ensure employees are not required to work under
14
15  substandard and unlawful conditions, and to protect employers who comply with the law from
16  those who attempt to gain competitive advantage at the expense of their workers by failing to
17  comply with minimum labor standards.

18       49.     Through its actions alleged herein, Defendant CRST has engaged in unfair
19  competition within the meaning of Cal. Bus. & Prof. Code, § 17200, because Defendant CRST's
20
21  conduct has violated state wage and hour laws as herein described. Indeed, Defendant CRST's
22  conduct as herein alleged has damaged Plaintiffs and the Class members by failing to pay them
23  minimum wage for their pre-trip and post-trip inspection activities, delay time, waiting time
24  penalties, and therefore was substantially injurious to Plaintiffs and the Class members.

25       50.     Under Section 17208 of the California Business and Professions Code, the statute
26  of limitations for a claim under Section 17200 is four years. Accordingly, the actionable period
27  for this cause of action is June 25, 2005 through the present (i.e., the "Class Period").
28

*- 16 -*
*Plaintiffs' First Amended Class Action Complaint*

51.     Beginning at a date unknown to Plaintiffs, but at least as early as June 25, 2005, Defendant CRST committed, and continues to commit, acts of unfair competition, as defined in § 17200 et seq. of the California Business and Professions Code by, among other things, engaging in the acts and practices described above.

52.     Defendant CRST engaged in unfair competition in violation of Cal. Bus & Prof. Code, § 17200 et seq by violating, inter alia, each of the following:

    a.     Cause of Action One as stated above;

    b.     Cause of Action Two as stated above;

    c.     Cause of Action Three as stated above;

    d.     Cal. Labor Code § 1194 and 1194.2;

    e.     Cal. Labor Code 203;

    f.     Cal. Labor Code 222; and

    g.     Cal. Labor Code 223.

53.     Defendant CRST's course of conduct, act and practice in violation of the California laws mentioned in each paragraph above constitute separate and independent violations of 17200 et seq. of the California Business and Professions Code.

54.     The harm to Plaintiffs and members of the Class members in being not being paid minimum wage for the hours worked for their pre-trip inspection activities and post-trip inspection activities and for work-related delay time, outweighs the utility, if any, of Defendant CRST's policies/practices and, therefore, Defendant CRST's actions described herein constitute an unfair business practice or act within the meaning of California Business and Professions Code § 17200.

*- 17 -*
*Plaintiffs' First Amended Class Action Complaint*

55.     The unlawful, unfair and fraudulent business practices and acts of Defendant CRST, as described above, have injured Plaintiffs and the Class, in that they have not received been paid minimum wage for the hours worked while being engaged in pre-trip inspection activities and post-trip inspection activities.

## VII.

## JURY DEMAND

56.     Plaintiffs hereby demand trial by jury of their claims against Defendant CRST.

## VIII.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and the members of the Class, pray for judgment against Defendant CRST as follows:

1.     An Order than this action may proceed and be maintained as a class action;

2.     On the First Cause of Action: (a) a declaratory judgment that Defendant CRST violated Labor Codes §§ 1194,1194.2 by failing to pay Plaintiffs and other members of the Class minimum wage for the hours worked for their pre-trip inspection activities, post-trip inspection activities and work-related delay time; and (b) An award to Plaintiffs and other members of the Class in the amount of their unpaid minimum wages owed to them for their pre-trip inspection activities, post-trip inspection activities, and delay time (collectively known as "unpaid minimum wages"), plus liquidated damages in an additional amount equal to the unpaid minimum wages during the Class Period, as well as an award of costs, interest, and reasonable attorney's fees;

3.   On the Second Cause of Action: (a) a declaratory judgment that Defendant CRST violated Labor Code §§ 222 and 223 by failing to pay the promised and stated piece rate; (b) An award to Plaintiffs and other members of the class in the amount of their unpaid wages owed to them for the difference between the stated piece rate and the actual rate paid, plus an award of costs, interest, and reasonable attorney's fees;

4.   On the Third Cause of Action: (a) a declaratory judgment that Defendant CRST violated California Labor Code §§201 through 203; (b) Pursuant to Cal. Labor Code §§ 201-203, an award to Plaintiffs and the Class Members who are no longer employed by Defendant CRST for waiting time penalties in the amount of 30 days wages per class member who is no longer employed by Defendant; and (c) An award to Plaintiffs and the Class Members who are no longer employed by Defendant CRST of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or other state laws.

5.   On the Fourth Cause of Action: (a) An Order requiring Defendant CRST, its agents, servants, and employees, and all persons acting, directly or indirectly, in concert with them, to restore and disgorge all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constituting unfair competition under § 17200 et seq of the Cal. Business and Professions Code; (b) Restitution, including, but not limited to, the relief permitted pursuant to Labor Code §§ 222 and 223 and/or 1194 (i.e., pay for pre-and post-trip inspection time, delay time less than 120 minutes and/or for the full amount of the stated and promised piece-rates owed to

1   drivers); and (c) an award to Plaintiffs and the Class members of their attorneys'

2   fees and costs of suit to the extent permitted by law, including, but not limited to,

3   Cal. Code of Civil Procedure §§ 1021.5, and Labor Code §§ 218 and/or 1194;

4

5   6.   All other relief as this Court deems proper.

6   Date: July 15, 2009
    Los Angeles, California

7                               Respectfully submitted,

8                               ACKERMANN & TILAJEF, P.C.

9

10  By: _____
        Craig J. Ackermann, State Bar No. 229832
11      Tatiana Hernandez, State Bar No. 255322
        1180 South Beverly Drive, Suite 600
12      Los Angeles, CA 90035
        (310) 277-0614 (telephone)
13      (310) 277-0635 (facsimile)

14      Counsel for Jack Ray Morrison and Steve Carson

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              - 20 -
                Plaintiffs' First Amended Class Action Complaint

                       Exhibit A page 55 of 71

# FIRST AMENDED COMPLAINT
# EXHIBIT A

**Congratulations!** *You've just taken the first step toward a great future!* Thank you for contacting CRST Van Expedited, Inc. for career information. At "Van Ex", we are extremely proud of our company's 50-year old reputation and we believe our success can be attributed to the professional drivers we employ. CRST Van Ex is the nation's largest team carrier, we have been recognized as one of the premier dry van trucking companies in America, and we are committed to hiring safe, qualified individuals who will be dedicated to meeting our customers' needs. We are glad you have inquired about driving for us!

A CRST professional driver application is provided along with this brochure. Please read the application carefully, follow the instructions, **fill in all the blanks completely, and print legibly in black or blue ink.**

Should you have any questions regarding these materials, please contact your CRST driver development representative. We look forward to making you part of the CRST team.

The following topics are covered in this fact sheet: *The Most Frequently Asked Questions
*CRST Driver Compensation Package
*CRST Benefits Program
*D.O.T. Physical Requirements

## The Most Frequently Asked Questions:

### How many miles can I run?
Our average length of haul is over 1,500 miles – the longest in the industry! This means more time working and less time waiting. Our commitment to the long-haul market provides you with consistent mileage all year long. Our teams average over 4000 miles/week, with many teams running up to 6000 miles/week on a regular basis.

### How often will I get home?
Quality home time for every driver is a priority at CRST. In fact, we guarantee it! Your fleet manager is responsible for getting you home on the day you request to be there - even if it requires an alternative form of transportation to make it happen. You are entitled to 1.5 days off for each week you are on the road. We ask that you remain available to drive for us a minimum of three (3) weeks. Keep in mind, the more you are available, the more miles you can run. Most drivers choose to remain available for 3 to 4 weeks at a time.

### How much money can I expect to make?
Experienced professional driver first year earnings depend on whether you run as a Lead Driver or Team Co-Driver. Lead Drivers earn between $35,000 and $45,000 in their first year. We have many experienced professional Teams earning over $100,000 annually. Inexperienced co-drivers drivers in their first year can expect to average over $30,000 with potential earnings of up to $35,000. Keep in mind, most of this money is earned in the second half of your first year due to pay raises and more experience as a professional driver.

### How and when do I get paid?
Drivers are paid on Tuesday & Thursday through the COMDATA system. COMDATA is a financial services company that manages our transactions. You will be issued a COMDATA card to use when refueling (which CRST pays for) and we will deposit your earnings directly into your COMDATA account. This system allows you 24 hours/7 days a week instant access to your payroll funds. Statements of earnings are prepared and sent to your home each week. Additionally, while you are out on the road, you will be able to call a toll-free CRST number to find out the amount of each paycheck that was deposited to your COMDATA account. Further, you can view each of your CRST pay statements via the Internet.

1

### *What types of insurance benefits does CRST offer?*
Medical Insurance is available to the employee on the first day of employment through a Medical Bridge policy. You are eligible for the CRST group plan (Blue Shield PPO) the first of the month following 6 months of employment. The basic single health/dental plan is $20.52 per week and family health/dental is $84.60 per week. The plan also provides you both term life insurance coverage and accidental death coverage of $20,000. If you elect the family plan, your spouse is provided $2,000 of accident death coverage. The $2,000 accident death policy also applies to your dependents up to 19 years of age (24 years of age if they are full time students). For more information about the insurance program, see the CRST Benefits Program section in this brochure.

### *What type of equipment does CRST operate?*
Driver comfort and safety are major concerns when buying power units. CRST began a major fleet conversion in January 2004 to replace its fleet of International tractors with Freightliner Columbia models. The conversion will be complete in December 2006. The Freightliners are equipped with Detroit S-60 engines (435 horsepower) coupled with Eaton Straight 10 transmissions. The older tractors are Internationals with Cummins ISX engines coupled with Eaton Lightning transmissions. The Lightnings are being replaced with Eaton Straight 10's so that regardless of tractor and engine type, all transmissions will be Straight 10's. All tractors, whether Freightliners or Internationals, feature top of the line specifications including anti-lock brakes, sky-rise bunks, air ride suspensions, power steering, stereo/cassettes, premium interiors, and QualComm satellite communication equipment. CRST operates its tractors on a 3-year cycle and trades each unit for a new model when it is 36 months old. This means the average tractor is less than 18 months old. Trailers are also quite new. The vast majority of the company's 3,000 trailers are Great Dane 53' dry vans that are less than 3 years old. The result is that CRST's combined fleet of 1,250 tractors and 3,000 trailers is one the most modern fleets in the transportation industry.

### *What type of maintenance program do you have for the trucks?*
Tractors receive routine maintenance every 30,000 to 40,000 miles, as directed by the engine & tractor manufacturers. Major maintenance is performed every 120,000 miles. Trailers receive regular maintenance every 18,000 miles. The company encourages communication between drivers and our maintenance department regarding care of the units. Equipment defects prohibiting safe operation by drivers are corrected immediately. In addition to the driver's daily pre-trip inspection, maintenance personnel to ensure they meet Department of Transportation (DOT) requirements routinely check units that are parked in our terminals. Drivers are paid a bonus for each state or federal inspection they pass without being flagged for violations. Drivers are not expected to work on the equipment.

### *Who is my supervisor?*
You will be assigned to a Fleet Manager in the Operations Department. Your Fleet Manager is responsible for dispatching & tracing your progress throughout the country, and he or she is the primary communications link between you and your family while on the road. Fleet Managers are also responsible for getting you home on time & addressing your career needs or concerns.

### *What type of operation does CRST have?*
CRST operates company-owned equipment and hauls 100% dry van freight. Utilizing two person teams, CRST serves over 1,200 customers across the country specializing in the time-sensitive, single pick-up, single delivery truckload market. Our average length of haul is over 1,500 miles. Our customer base includes industry leaders such as Kohl's, General Mills, JC Penney, Gap, Kelloggs and Toyota.

### *How will I find a co-driver so I can run as a team?*
Many students going through school together meet and decide to run together as a team after their training program is over & they are qualified to run as co-drivers. If you fall in that group, let your recruiter know so we can work with our Operations group to set you up with your partner. If you cannot find

2

someone to team with, we will match you up with a driver that is located close to your home town with the same smoking preference.

## How will I be trained?

CRST is the nation's largest team carrier and trains thousands of new drivers every year. We take pride in bringing so many new professional OTR drivers to the industry. However, we don't own or operate our own schools. We contract with about 30 independent driver training schools across the country that provide our students with a quality education and training program that leads to the student's earning a Class A Commercial Drivers License (CDL) from the state where the school is located. We send you to a school that regularly trains students for CRST in either 2, 3, or 4-week programs that lay the foundation for you as a student driver. This is Phase I. After graduating from school, you will attend a 4-day Orientation program at one of CRST's terminals to prepare you for your actual training on the road. Orientation is considered Phase II. When you graduate from Orientation, you will be matched with a CRST Lead Driver and enter Phase III, which is the hands-on finishing program that provides actual On The Job training. You will move freight across the nation's roads and highways, develop your skills and knowledge, and experience life on the road. After Phase III, you will head home for a few days of rest, and then you will be matched with a co-driver and head back out on the road as team.

If you are not a contract student but are a recent graduate, you will attend Orientation, which is Phase II, and still receive On The Job training with a lead driver to develop your skills. We also offer programs for drivers who were experienced at one time who would like to get back out on the road but who have not driven for a while. In fact, CRST offers training programs for drivers in almost any situation.

## What is the 20/10 Program?

The 20/10 program matches three drivers instead of two drivers to form a trio that runs the truck constantly. The concept is that each driver is on the road for 20 days straight and then home for 10 days straight. The truck is routed through the terminal or common location every 10 days so that the three drivers can swap out. For example, if you lived in Los Angeles and you were part of a 3-man team in the 20/10 program, you would leave the Fontana, CA terminal and return with your partner in 10 days. Your partner would go home and the 3rd driver would get on the truck with you. The two of you would go out for another 10 days and then return to Fontana. You would then get off the truck for 10 days while the other two drivers continue to run. We have about 75 sets of drivers in the 20/10 program, and they receive preferential treatment to keep the truck moving and to ensure they are back in the terminal every 10 days. It is a very successful program that meets the needs of many drivers. Ask your recruiter about the locations of the 20/10 program to see if you qualify.

## What kind of safety program does CRST have?

At CRST, Safety is #1. It takes precedence over everything, and we want you to know that our priority is not the freight or the equipment. Our priority is your safety and the safety of others on the highway. When you are running cross-country, you will encounter all kinds of situations, which will affect your ability to pick up or deliver a load on time. At CRST, we are so concerned about your safety, that we let you make the decision whether to run or not. If you are tired, if you do not feel well, or if you do not feel safe in moving the load, then you can make the decision to get off the road and rest or deal with the problem. At CRST, this is called the Comfort Zone, which means that if you are not comfortable running the load, and if you are not in your Comfort Zone, then you can shut down. It's that simple.

## How do I get home after being out on the road for 28 days with my lead driver?

Your Fleet Manager is responsible for getting you home and back to work. This is done on a case-by-case basis depending on where you live, the closest terminal or drop yard, the load you are under, etc. Your lead driver may drop you off at home or close to your home, or you may be dropped off by another lead driver who will be in your area. If you live out of the way, you may go home by bus. If you drive your own car, that will allow for some flexibility when you return to work after your time off. There are multiple factors involved in how we get you home, but it is our responsibility and it will be at our cost, not yours.

3

## CRST VAN EXPEDITED DRIVER COMPENSATION PACKAGE (PAY TABLE) – PER PERSON – SPLIT MILES PAY (SMP)

| : This pay scale applies to contract students in the CRST sponsored training program. | | | | |
|---|---|---|---|---|
| **Length of Experience** | **Split Mileage Pay Scale** | **Projected Gross Weekly Earnings** | | |
| | | 4,000 miles/wk | 5,000 miles/wk | 6,000 miles/wk |
| 1st month (28 days with a trainer) | $350/week | | | |
| 2 – 3 Months | $0.22 | $440 | $550 | $660 |
| 4 – 6 Months | $0.24 | $480 | $600 | $720 |
| 7 –12 Months | $0.33 | $660 | $825 | $990 |
| At the 13th month, all drivers fall under the same pay, please refer to Experienced pay table below. | | | | |

| . This pay scale applies to recent graduates with a CDL who need tuition reimbursement from CRST to pay off their training loans. | | | | |
|---|---|---|---|---|
| **Length of Experience** | **Split Mileage Pay Scale** | **Projected Gross Weekly Earnings** | | |
| | | 4,000 miles/wk | 5,000 miles/wk | 6,000 miles/wk |
| 1st month (28 days with a trainer) | $400/week | | | |
| 2 – 3 Months | $0.26 | $520 | $650 | $780 |
| 4 – 6 Months | $0.28 | $560 | $700 | $840 |
| 7 – 12 Months | $0.33 | $660 | $825 | $990 |
| At the 13th month, all drivers fall under the same pay, please refer to Experienced pay table below. | | | | |

| . This pay scale applies to drivers with a CDL who do not need tuition reimbursement but who do need some OTR training with a lead driver. | | | | |
|---|---|---|---|---|
| **Length of Experience** | **Split Mileage Pay Scale** | **Projected Gross Weekly Earnings** | | |
| | | 4,000 miles/wk | 5,000 miles/wk | 6,000 miles/wk |
| 1st Month (28 days with a trainer) | $400/week | | | |
| 2 –12 Months | $0.33 | $660 | $825 | $990 |
| At the 13th month, all drivers fall under the same pay, please refer to Experienced pay table below. | | | | |

| – This pay scale applies to experienced drivers who do not require tuition reimbursement assistance and who do not need OTR training with a lead driver. | | | | |
|---|---|---|---|---|
| **Length of Experience** | **Split Mileage Pay Scale** | **Projected Gross Weekly Earnings** | | |
| | | 4,000 miles/wk | 5,000 miles/wk | 6,000 miles/wk |
| 1st Month (28 days with a trainer) | N/A | | | |
| 2 – 12 Months | $0.33 | $660 | $825 | $990 |
| 13 – 18 Months | $0.34 | $680 | $850 | $1,020 |
| 19 – 24 Months | $0.36 | $720 | $900 | $1,080 |
| 25 – 30 Months | $0.38 | $760 | $950 | $1,140 |
| 31 – 42 Months | $0.39 | $780 | $975 | $1,170 |
| 43 – 54 Months | $0.40 | $800 | $1,000 | $1,200 |
| 55 – 72 Months | $0.41 | $820 | $1,025 | $1,230 |
| 73+ Months | $0.43 | $860 | $1,075 | $1,290 |

4

## ADDITIONAL/ACCESSORIAL PAY

| | |
|---|---|
| Breakdown | $40 for each logged 24-hour period |
| Layover | $40 for the first 36-hour period, |
| | $40 for the next 12-hour period |
| | $40 for every 24-hour period following. |
| | Layover pay is only paid if no loads are available. |
| Additional Stops | $15 for each additional stop, excluding the first pick-up and the last delivery.  Pay is split between drivers. |
| DOT Inspection | $25 if the driver receives no driver, cargo or equipment violations. |
| Load/Unload | $1.50 per 1000 pounds.  (Minimum $40 for trailer, split between drivers) |
| Referral Bonus | $150 - $1500 depending on experience level. |
| Detention Pay | $6.25/hour after 2 hours -- when applicable, see driver manual. |

## LEAD DRIVER (TRAINER) COMPENSATION

To qualify as a Lead Driver, you must be approved by both Operations and Safety.

| Length of Service | LEAD DRIVER RATE (Pay is based on Split Miles) | LEAD DRIVER RATE 1st 5 days with a new student (Pay is based on All Miles) | LEAD DRIVER RATE Running as a Solo -- No student available (Pay is based on All Miles) |
|---|---|---|---|
| 0 – 6 Months | N/A | N/A | N/A |
| 7 – 12 Months | 0.35 | 0.23 | 0.22 |
| 13 – 18 Months | 0.36 | 0.24 | 0.23 |
| 19 – 24 Months | 0.38 | 0.24 | 0.23 |
| 25 – 30 Months | 0.41 | 0.25 | 0.24 |
| 31 – 36 Months | 0.425 | 0.25 | 0.27 |
| 37 – 48 Months | 0.445 | 0.26 | 0.28 |
| 49 – 60 Months | 0.465 | 0.26 | 0.28 |
| 61 – 66 Months | 0.475 | 0.27 | 0.29 |
| 67 – 84 Months | 0.485 | 0.27 | 0.29 |
| 85+ Months | 0.49 | 0.27 | 0.29 |

5

# CRST Van Expedited Benefits Program

**Medical/Dental Coverage.** Medical insurance coverage is available immediately at employee's expense through Medical Bridge. You are eligible for the CRST group plan (Blue Shield PPO) the first of the month following 6 months of employment. Company plan employee contributions weekly:

|  |  | MEDICAL/DENTAL | MEDICAL | DENTAL |
|---|---|---|---|---|
| Alliance PPO |  |  |  |  |
|  | Single | 20.52 | 19.36 | 1.16 |
|  | Family | 84.60 | 81.88 | 2.72 |
|  |  |  |  |  |
| Alliance Basic PPO |  |  |  |  |
|  | Single | 16.84 | 15.68 | 1.16 |
|  | Family | 72.21 | 69.49 | 2.72 |

**Life Insurance**
- Eligible the first of the month following 6 months.
- Life insurance premiums paid by the company / no cost to employee.
- $20,000 Term Life Insurance with $20,000 accidental death and dismemberment.
- $2,000 spouse & dependents accidental death and dismemberment.
- Disability insurance paid by CRST.
- Voluntary life & accident insurance available for an additional cost to employee.

**Paid Vacation**
- 1 Week after Year 1: $300 Flat Wage
- 2 Weeks after Year 2: Based on previous year's weekly average
- 3 Weeks after Year 10: Based on previous year's weekly average

**401K Retirement Plan**
- Eligible to participate in the program the first month following 90 days of employment.
- After 13 months, CRST will contribute 50% to the driver's 401K up to a maximum of 6% of the driver's pay contributed to the plan. Example: A driver earning $40,000 per year contributes 6% of his salary or $2,400. CRST will then contribute another $1,200. CRST pays its contribution weekly. Employer contributions are fully vested after six years.

**ComData**
- Payroll service giving you instant access to your paycheck.
- You are paid twice a week. Direct deposit available

**Career Advancement**
- Opportunities exist for career advancement to Lead Driver and office positions in Operations, Recruiting, & Safety. CRST Van Ex's two sister companies also hire experienced drivers. CRST Malone is a 100% owner operator flatbed carrier, headquartered in Birmingham, Al; and CRST Premier is a solo, regional dry van operation headquartered in Indianapolis, IN. Both companies offer drivers great opportunities.

**Per Diem**
- The IRS provides for reductions in taxable earnings for over-the-road expenses incurred by drivers. Participation in the program is voluntary. The program has increased the take home pay for many drivers. Those that do not receive a benefit are elected out of the program, so they do not lose money.

6

# Department of Transportation Physical Requirements
## Federal Regulations Section 391.41

There are thirteen basic requirements in terms of a driver's physical condition; please review the following:

1.)    No loss of foot, leg, hand, or arm;

2.)    No impairment of hand or finger that interferes with power grasping or no impairment of arm, foot, leg that interferes with the ability to perform normal tasks of driving a motor vehicle;

3.)    **No history of diabetes** that requires insulin for control;

4.)    No current diagnosis of myocardial infarction, angina, pectoris, coronary insufficiency, thrombosis, or other cardio-vascular disease known to be accompanied by syncope, dyspnea, collapse or **congestive heart failure**;

5.)    No history or diagnosis of **respiratory dysfunction** likely to interfere with the ability to control a motor vehicle;

6.)    No current diagnosis of **high blood pressure** likely to interfere with driving a motor vehicle; (≤140/90 maximum)

7.)    No history or current diagnosis of rheumatic, orthopedic, muscular, neuro-muscular, or vascular disease that interferes with the ability to control and operate a motor vehicle;

8.)    No history or current diagnosis of epilepsy or any other condition that is likely to cause loss of consciousness;

9.)    No mental, nervous, organic or functional disease of psychiatric disorder likely to interfere with operating a motor vehicle;

10.)    Distant visual acuity of at least **20/40 corrected in each eye and in both eyes**, field of vision of at least 70 degrees and the ability to perceive red, yellow, green and amber;

11.)    Ability to perceive a forced whisper in the better ear at no less than five feet, with or without use of a hearing aid;

12.)    No use of a Schedule 1 drug, amphetamine, narcotic, or any other habit forming drug;

13.)    No current clinical diagnosis of **alcoholism**.

**NOTE: *If there are any questions concerning physical requirements, please contact your representative.***

                                     **PHONE:**                    **FAX:**



1  Rick Richmond (S.B.N. 194962)
   rrichmond@jenner.com
2  Brent Caslin (S.B.N. 198682)
   bcaslin@jenner.com
3  JENNER & BLOCK LLP
   633 West 5th Street, Suite 3500
4  Los Angeles, California 90071
   Telephone:  (213) 239-5100
5  Facsimile:  (213) 239-5199

6  Attorneys for Defendant
   CRST Van Expedited, Inc.

7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF LOS ANGELES

11

12  JACK RAY MORRISON, and STEVE          )  CASE NO. BC416493
    CARSON, individually and on behalf of all )
13  others similarly situated,              )  The Honorable Elizabeth Allen White
                                           )
14          Plaintiffs,                     )  CRST VAN EXPEDITED, INC.'S ANSWER
                                           )  AND AFFIRMATIVE DEFENSES TO
15       v.                                )  PLAINTIFFS' FIRST AMENDED CLASS
                                           )  ACTION COMPLAINT
16  CRST VAN EXPEDITED, INC.,              )
                                           )  Complaint Filed:  June 25, 2009
17          Defendant.                      )  First Amended Complaint Filed: July 17, 2009
                                           )  Trial Date:  None Set
18                                         )  Department:  48
                                           )
19                                         )  Initial Case Management Review
20                                         )  and Conference:  December 2, 2009
                                           )
21

22

23

24

25

26

27

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 30 2009

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
NANCY ALVAREZ

1    Defendant CRST Van Expedited, Inc. ("CRST") answers the First Amended Class Action
2    Complaint filed by Plaintiffs Jack Ray Morrison and Steve Carson, as follows:
3    **GENERAL DENIAL**
4        1.    Pursuant to California Code of Civil Procedure § 431.30(d), CRST generally and
5    specifically denies each and every allegation contained in the First Amended Class Action Complaint
6    and each purported cause of action therein.  Without limiting the generality of the foregoing, CRST
7    specifically denies that Plaintiffs, and/or the class they seek to represent, are entitled to any of the relief
8    requested; that CRST violated any statute or other legal requirement pertaining to compensation to be
9    paid its drivers; that CRST is guilty of any wrongful conduct or omission; and that any conduct or
10   omissions of CRST caused any injury or damage to Plaintiffs, and/or the class they seek to represent, in
11   the amount alleged or otherwise.
12       2.    CRST further pleads the following separate and additional defenses to the First Amended
13   Class Action Complaint.  By pleading these defenses, CRST does not in any way agree or concede that it
14   has the burden of proof or persuasion on any of these issues or that it is liable for any claims against it.
15   **AFFIRMATIVE DEFENSES**
16   FIRST AFFIRMATIVE DEFENSE
17   (Failure to State a Cause of Action)
18       1.    The First Amended Class Action Complaint should be dismissed because each claim it
19   asserts  fails to state a cause of action upon which relief can be granted.
20   SECOND AFFIRMATIVE DEFENSE
21   (Failure to Exhaust Administrative Remedies)
22       2.    Some or all of Plaintiffs' claims asserted in the First Amended Class Action Complaint
23   should be dismissed to the extent that Plaintiffs have failed to exhaust administrative remedies.
24   THIRD AFFIRMATIVE DEFENSE
25   (Primary and Exclusive Administrative Jurisdiction)
26       3.    The First Amended Class Action Complaint should be dismissed to the extent that
27   questions regarding the benefits and protections to which Plaintiffs claim to have been entitled, including
28   Plaintiffs' entitlement to those benefits and the amount of any benefits, are within the exclusive
jurisdiction of one or more administrative agencies.

1

CRST Van Expedited, Inc.'s Answer and Affirmative Defenses

1    FOURTH AFFIRMATIVE DEFENSE

2    (Failure to Mitigate)

3    4.    Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to

4    mitigate damages.

5    FIFTH AFFIRMATIVE DEFENSE

6    (Laches)

7    5.    Some or all of Plaintiffs' claims are barred by the doctrine of laches.

8    SIXTH AFFIRMATIVE DEFENSE

9    (Waiver)

10    6.    Some or all of Plaintiffs' claims are barred by the doctrine of waiver.

11    SEVENTH AFFIRMATIVE DEFENSE

12    (Unclean Hands)

13    7.    Some or all of Plaintiffs' claims are barred in whole or in part by the doctrine of unclean

14    hands.

15    EIGHTH AFFIRMATIVE DEFENSE

16    (Estoppel)

17    8.    Some are all of Plaintiffs' claims are barred in whole or in part by the doctrine of

18    estoppel.

19    NINTH AFFIRMATIVE DEFENSE

20    (Payment of Full Compensation)

21    9.    Some or all of Plaintiffs' claims are barred in whole or in part because CRST paid

22    Plaintiffs the full amounts to which they were entitled.

23    TENTH AFFIRMATIVE DEFENSE

24    (Barred by Equity)

25    10.    Some or all of Plaintiffs' claims seeking to impose penalties are inequitable and unjust

26    and are therefore barred because a good-faith dispute exists as to whether additional compensation is due

27    and owing and CRST has not intentionally or willfully failed to pay such additional compensation.

28    ELEVENTH AFFIRMATIVE DEFENSE

1          (Avoidable Consequences)

2          11.    Some or all of Plaintiffs' claims for damages are barred in whole or in part by the

3   doctrine of avoidable consequences.

4                      TWELFTH AFFIRMATIVE DEFENSE

5                   (Undue Burden on Interstate Commerce)

6          12.    Plaintiffs' claims regarding CRST's alleged failure to pay required compensation under

7   California law are barred because such state compensation requirement would be an undue burden upon

8   interstate commerce in violation of the Commerce Clause of the U.S. Constitution, Art. I, § 8, cl. 3.

9                   THIRTEENTH AFFIRMATIVE DEFENSE

10                       (Federal Preemption)

11         13.    (a)    Plaintiffs' claims are preempted by federal statutes and regulations applicable to

12  motor carriers, including but not limited to the Federal Aviation Authorization Act of 1994.

13               (b)    Plaintiffs' fourth cause of action for alleged unfair, unlawful, and fraudulent

14  business practices is preempted by the Interstate Commerce Act, 49 U.S.C. § 1450(c)(1), because the

15  state law upon which Plaintiffs base their claim, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, if applicable,

16  would have the effect of regulating a motor carrier's interstate prices, routes, or service.

17                   FOURTEENTH AFFIRMATIVE DEFENSE

18                    (Duplication of Damage Claims)

19         14.    Plaintiffs' first, second, and fourth causes of action seek the same damages, and Plaintiffs

20  should be barred from thereby multiplying the damages that they seek.

21                    FIFTEENTH AFFIRMATIVE DEFENSE

22                    (No Unfair Business Practices)

23         15.    The business practices alleged in the fourth cause of action asserted in the First Amended

24  Class Action Complaint are not "unfair" as that term is defined and utilized in California Business &

25  Professions Code § 17200.

26

27

28

1                         <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

2                         (No Competitive Advantage)

3        16.     Plaintiffs' fourth cause of action is barred, in whole or in part, because CRST's alleged

4 practices are not unfair, the public is not likely to be deceived by any alleged practices, and CRST

5 gained no competitive advantage from such practices.

6                     <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

7                  (No Unlawful Business Practices)

8        17.     Plaintiffs' claims are barred, in whole or in part, because CRST's business practices are

9 not and were not "unlawful" in that they complied with all applicable statutes and regulations regarding

10 the payment of wages.

11                     <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

12                (Due Process Requirements for Penalties)

13        18.     The imposition of replicating penalties, as applied to the alleged facts and circumstances

14 of this case, would violate CRST's due process rights under the U.S. Constitution and the California

15 Constitution.

16                     <u>NINETEENTH AFFIRMATIVE DEFENSE</u>

17                   (Statute of Limitations)

18        19.     Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

19                     <u>TWENTIETH AFFIRMATIVE DEFENSE</u>

20                   (Plaintiffs' Consent)

21        20.     Some or all of Plaintiffs' claims are barred because Plaintiffs understood and agreed to

22 the manner in which the amount of their compensation would be determined and consented to the

23 CRST's alleged conduct and compensation practices.

24                  <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

25                       (Set-Off)

26        21.     Some or all of Plaintiffs' claims should be reduced by the doctrine of set-off to the extent

27 that they owe money to CRST.

28

1                    TWENTY-SECOND AFFIRMATIVE DEFENSE

2                  (Penalties Barred by CRST's Good Faith Compliance with the Law)

3           22.     Plaintiffs are not entitled to any penalty award under any California Labor Code

4    provisions because, at all times relevant and material herein, CRST acted in good faith and had

5    reasonable grounds for believing that it did not violate the California Labor Code, the California

6    Business & Professions Code, or any other California legal requirement.

7                    TWENTY-THIRD AFFIRMATIVE DEFENSE

8                        (No Basis for Class Certification)

9           23.     This action does not meet the requirements for class action treatment or for the

10   certification of a class.

11                   TWENTY-FOURTH AFFIRMATIVE DEFENSE

12                       (Accord and Satisfaction)

13          24.     Plaintiffs have been fully compensated for any wages owed, and by accepting the

14   payments made to them, they have effectuated an accord and satisfaction of their claims.

15                   TWENTY-FIFTH AFFIRMATIVE DEFENSE

16                     (No Violation of Public Policy)

17          25.     All actions taken by CRST toward Plaintiffs were lawful and not in violation of public

18   policy.

19                   TWENTY-SIXTH AFFIRMATIVE DEFENSE

20        (CRST's Reasonable Belief in Legal Permissibility of its Compensation Practices)

21          26.     Even if CRST technically violated a provision of the California Labor Code or California

22   Business & Professions Code, or other California statute or regulation, which it did not, any such

23   violation was a result of an act or omission in good faith, and CRST had reasonable grounds for

24   believing such act or omission was not a violation of any statute, order, regulation or policy.

25                 TWENTY-SEVENTH AFFIRMATIVE DEFENSE

26          (No Willful or Intentional Failure to Pay Full Compensation)

27          27.     CRST has not willfully or intentionally failed to pay any compensation to Plaintiffs so as

28   to justify an award of penalties or fees to Plaintiffs on that basis.

1      TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2      (Unconstitutionality of Penalties)

3      28.      Any claim for penalties is unconstitutional under the U.S. Constitution and the California

4      Constitution.

5      TWENTY-NINTH AFFIRMATIVE DEFENSE

6      (No Equitable Relief - Adequate Remedy at Law)

7      29.      To the extent Plaintiffs seek equitable relief, their claims are barred because they have an

8      adequate remedy at law.

9      THIRTIETH AFFIRMATIVE DEFENSE

10     (No Wage Agreement Based on Collective Bargaining
11     or Secret Wage Payments Lower than Required Wage Scale)

12     30.      Plaintiffs' second cause of action is barred because claims under Cal. Labor Code §§ 222-

13     223 must be based either on violation of a wage agreement arrived at through collective bargaining, or

14     by the employer's secret payment of lower wages than mandated by a designated wage scale required by

15     statute or contract.  The compensation paid CRST's drivers is not subject to a collective bargaining

16     agreement.  In addition, CRST has not secretly paid lower wages than mandated by a designated wage

17     scale required by statute or contract.

18     THIRTY-FIRST AFFIRMATIVE DEFENSE

19     (Unconstitutionality of Cal. Bus. & Prof. Code § 17200)

20     31.      California Business & Profession Code § 17200, *et seq.*, is unconstitutional, vague and

21     overbroad in the manner in which Plaintiffs claim that the statutes apply to CRST's business practices

22     and thus violates CRST's rights to due process and equal protection.

23     THIRTY-SECOND AFFIRMATIVE DEFENSE

24     (No Prejudgment Interest)

25     32.      Pre-judgment interest may not be granted because the damages claimed by Plaintiffs are

26     not sufficiently certain to allow an award of pre-judgment interest.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (CRST's Reliance on All Available Defenses and Reservation of Right to Amend)

33.     CRST will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

**WHEREFORE**, CRST prays for judgment as follows:

A.     That Plaintiffs, and the class they seek to represent, take nothing and be afforded no relief against CRST;

B.     That Plaintiffs' claims against CRST be dismissed with prejudice in their entirety and judgment entered in favor of CRST;

C.     That CRST be awarded its costs and expenses incurred in this action, including reasonable attorneys' fees where appropriate; and

D.     That CRST be granted other relief as the Court may deem just and proper.

DATED: July 30, 2009                    JENNER & BLOCK LLP


_B✓ C✓_
_____
Rick Richmond
Brent Caslin

Attorneys for Defendant CRST Van Expedited, Inc.

7

1                                       **PROOF OF SERVICE**

2

3            I, Amanda Navarro, declare as follows:

4            I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and

5 not a party to the within action.  My business address is Jenner & Block LLP, 633 West 5th Street,

6 Suite 3500, Los Angeles, California 90071.

7            On July 30, 2009, I served the documents described below on the interested parties in this

8 case:  **CRST VAN EXPEDITED, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO**

9 **PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT.**

10            [   ]     I caused this document to be personally served in a sealed envelope by hand to the

11 persons at the address set forth below.

12            [ X ]     By placing the documents listed above in a sealed envelope with postage thereon fully

13 prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.  I am

14 familiar with the firm's practice of collection and processing correspondence for mailing.  Under that

15 practice, it would be deposited in the United States Postal Service on that same day with postage

16 thereon fully prepaid in the ordinary course of business.

17            **CRAIG J. ACKERMAN**
                **TATIANA HERNANDEZ**

18            **ACKERMAN & TILAJEF, P.C.**
                **1180 South Beverly Drive, Suite 600**

19            **Los Angeles, California  90035**

20            [X]     I declare under penalty of perjury under the laws of the State of California that the

21 foregoing is true and correct.

22            Executed on July 30, 2009, at Los Angeles, California.

23

24                                  _A. Navarro_

25                                 Amanda Navarro

26

27

28

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

JACK RAY MORRISON, and )
STEVE CARSON, individually and on behalf )
of others similarly situated, )
                                      )    **CASE NO.** _____
      Plaintiffs, )
                                        )    **DECLARATION OF**
      v.                                 )    **JESSE A. MONK**
                                        )
CRST VAN EXPEDITED INC., )
                                        )
      Defendant. )
_____ )

JESSE A. MONK, on personal knowledge, states the following:

1.      I am employed by CRST International, Inc. as software development manager-open systems. CRST International, Inc. supplies information technology services to CRST Van Expedited, Inc. ("CRST").

2.      I have personal knowledge of the employment records maintained by CRST.

3.      CRST's employment records show that, during the period from April 4, 2006, to June 25, 2009, the employment by CRST of 3,033 drivers residing in California was terminated either voluntarily or involuntarily.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 30, 2009                  _Jesse C. Monk_
                                           Jesse A. Monk

# EXHIBIT C

Rick Richmond (S.B.N. 194962)
rrichmond@jenner.com
Brent Caslin (S.B.N. 198682)
bcaslin@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Floor 35
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Defendant
CRST Van Expedited, Inc.

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| JACK RAY MORRISON and STEVE CARSON, individually and on behalf of all others similarly situated, | CASE NO. BC416493 |
|---|---|
| Plaintiffs, | The Honorable Elizabeth Allen White |
| v. | **DEFENDANT'S NOTICE OF REMOVAL TO ADVERSE PARTIES AND STATE COURT CLERK** |
| CRST VAN EXPEDITED, INC., | Complaint Filed: June 25, 2009 |
| Defendant. | First Amended Complaint Filed: July 17, 2009 |
| | Trial Date: None Set |
| | Department: 48 |
| | Initial Case Management Review and Conference: December 2, 2009 |

1   **PLEASE TAKE NOTICE** that on July 31, 2009, Defendant CRST Van Expedited, Inc.

2   ("CRST") removed this case to the United States District Court for the Central District of California,

3   Western Division.  A copy of the Notice of Removal of Class Action is attached hereto.

4

5   Dated: July 31, 2009                           Respectfully submitted,

6                                                  JENNER & BLOCK LLP

7

8                                                  _Brent Cal_

9                                                  Brent Caslin

10                                                 Attorneys for Defendant
                                                   CRST Van Expedited, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  1