Craig J. Ackermann (S.B.N. 229832)
cja@laborgators.com
ACKERMANN & TILAJEF, P.C.
1180 South Beverly Drive, Suite 600
Los Angeles, CA 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

Attorneys for Plaintiffs
Jack Ray Morrison and Steve Carson

Rick Richmond (S.B.N. 194962)
rrichmond@jenner.com
Brent Caslin (S.B.N. 198682)
bcaslin@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3500
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

Attorneys for Defendant
CRST Van Expedited, Inc.

Other Counsel Identified on Signature Page

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JACK RAY MORRISON, and STEVE CARSON, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br>　　v.<br>CRST VAN EXPEDITED, INC.,<br>　　　　Defendant. | Case No.: CV09-5638 JFW (JCx)<br>_____<br><br>**STIPULATED**<br><br>**PROTECTIVE ORDER** |

## STIPULATION

1.    WHEREAS, the parties believe that discovery in this action will involve production by the parties of documents, information, materials, or testimony containing or concerning confidential, personal, financial, competitively sensitive, or proprietary business information of defendant CRST VAN EXPEDITED, INC. (hereinafter "Defendant"), and plaintiffs JACK RAY MORRISON and STEVE CARSON, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), or other third parties, or other information which otherwise may be confidential;

2.    WHEREAS, the parties have met and conferred with one another in good faith and agree that a stipulated protective order is necessary to protect confidential, personal, and proprietary information;

3.    WHEREAS, in the absence of a protective order, confidential, proprietary, and private information regarding Defendant's business operations and/or employees may be made public through this judicial proceeding; and

4.    WHEREAS, the parties thus agree that in order to conduct meaningful discovery in accordance with the Federal Rules of Civil Procedure, a stipulated protective order is necessary for this matter.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendant, and by and between their undersigned counsel, that:

5.    All discovery in this action produced by one party to the other, including but not limited to documents, deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, and any summaries or descriptions of such documents and information produced or provided by any party or other person in responses to a subpoena or discovery request in this action (hereinafter "Discovery Materials") shall be used by the receiving party solely and exclusively for purposes of this litigation and shall be used by the receiving party for no other purpose.

6. The following Discovery Materials shall be treated by the receiving party as "Confidential" subject to this Stipulated Protective Order:

(a) Any and all documents constituting, regarding, pertaining to, or concerning proprietary, financial, personnel or other confidential material.

(b) Private information regarding, pertaining to, or concerning Defendant's current and former employees, including but not limited to home addresses, home telephone numbers, social security numbers, driver's license numbers, and date of birth information.

7. Any party may in good faith designate as Confidential, and subject to this Stipulated Protective Order, any document, information, or material that is either: (i) produced during discovery proceedings in this action; (ii) included in documents filed with this Court; or (iii) generated by a party in this action.

8. Acceptance by any party of discovery material designated as "Confidential" shall not constitute a concession that any such discovery material is appropriately so designated.

9. Documents and other discovery materials may be designated as "Confidential": (i) by affixing a legend to every page of the document at the time of production; (ii) by agreement in writing between the producing and receiving parties at any time; (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph 10 below; or (iv) with respect to motion papers, in accordance with the procedures set forth in Paragraph 11 below. If the designation in question is disputed by the receiving party, then the receiving party shall so notify the designating party in writing. Any disputes between counsel regarding the scope of Confidential material will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly to review and resolve informally issues centering on Confidential material. If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the Confidential designation, and the non-moving party may oppose such motion. The designated

material shall be deemed Confidential until the issue is resolved by the Court.

10.   Any person giving deposition testimony in this action may, directly or through counsel, designate his or her testimony or any portion thereof (including exhibits), whether or not previously designated as Confidential, as Confidential by advising the court reporter and all parties of such fact on the record during the deposition, or in writing at any time up to and including the seventh day after the date of receipt of the deposition transcript.  Deposition testimony shall automatically be deemed to be Confidential subject to the terms of this Order until the end of the seventh day after the date of receipt of the deposition transcript.  All copies of deposition transcripts designated as or containing Confidential material shall be prominently marked "Confidential" on the cover thereof.  If this designation is disputed by the receiving party, then the receiving party shall so notify the designating party in writing.  The deposition testimony in dispute shall remain Confidential subject to the terms of this Order.  If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation and the non-moving party may oppose such motion.  The designated material shall be deemed Confidential until the issue is resolved by the Court.

11.   Motion papers or other Court filings, including exhibits, that disclose Confidential material shall be the subject of an application to file the Confidential material under seal pursuant to Rule 79-5 of the Civil Local Rules for the United States District Court, Central District of California and General Order 08-02.  If the receiving party disputes a confidential designation of motion papers or exhibits, then the receiving party must notify the designating party of that dispute in writing.  If the parties are unable to resolve their dispute, either party may move the Court for an order approving or removing the Confidential designation and the non-moving party may oppose such motion.  In the interim, the designated material shall be deemed Confidential until the issue is resolved by the Court.  Prior to filing previously

1  designated Confidential material with the Court, the receiving party shall have the
2  option of notifying the designating party in writing of the party's intent to file such
3  Confidential material and seek the designating party's permission to file the
4  Confidential material not under seal.  The written notification shall identify the
5  specific Confidential material sought not to be filed under seal.  The written
6  notification shall provide the designating party five (5) business days to consider and
7  respond to the receiving party's request in writing.  If no response is provided to the
8  receiving party's request within five (5) business days, the receiving party shall
9  proceed as required herein.
10         12.    Confidential material shall be held in confidence and shall not be
11 intentionally or recklessly revealed, discussed, or disclosed in any manner, in any
12 form, to any person or entity other than:
13               (a)    the Court in this action;
14               (b)    counsel for any party retained in or working on the
15 prosecution, defense, or settlement of this action including co-counsel and counsel
16 employed directly by any party;
17               (c)    employees of counsel and persons assigned to assist counsel
18 in the prosecution, defense, or settlement of this action;
19               (d)    individual parties, including the Plaintiffs, and any director,
20 officer or employee of any party to this action, to the extent deemed necessary by
21 counsel for the prosecution, defense or settlement of this action;
22               (e)    class members or putative class members may review
23 Confidential material only upon the prior execution of a copy of the attached
24 Stipulated Protective Order Confidentiality Agreement and agree to submit to the
25 jurisdiction of this Court with respect to any matters relating to the enforcement of this
26 Order; and,
27               (f)    experts and consultants retained by any party, but only to the
28 extent reasonably necessary for the prosecution, defense or settlement of this action,

and only if the receiving expert or consultant executes the Stipulated Protective Order Confidentiality Agreement and agrees to submit to the jurisdiction of this Court with respect to any matters relating to the enforcement of this Order.

(g) mediators or arbitrators attempting to assist in resolving or adjudicating all or any portion of this matter, provided that the mediators or arbitrators are appointed by the Court or all parties agree in writing that the mediators or arbitrators may serve in that capacity.  Before any party may disclose Confidential material to any mediators or arbitrators who were not appointed by order of the Court, such mediators or arbitrators must acknowledge and execute the Stipulated Protective Order Confidentiality Agreement.

13. Counsel for the parties shall maintain complete records of every original signed Stipulated Protective Order Confidentiality Agreement obtained from any person.  The signed Stipulated Protective Order Confidentiality Agreements need not be disclosed to the opposing parties absent further order of the Court.

14. The inadvertent or unintentional disclosure by any party of Confidential material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

15. Nothing contained in this Stipulated Protective Order shall affect or restrict the rights of any party with respect to its own documents.

16. A producing party may notify the other party in writing that documents that should have been designated Confidential were inadvertently produced without being so designated.  Upon receiving such written notice from the producing party, the receiving party shall thereafter treat the documents as Confidential pursuant to this Stipulated Protective Order, subject to the procedures herein for disputing the designation of materials as Confidential and for resolving such disputes.

17. Upon final termination of this action, a party producing Confidential material may request the return or destruction of all such material and of other documents containing information or data from the Confidential material, and all copies thereof made by or on behalf of the receiving parties, and the receiving parties shall comply with such request unless otherwise ordered by the Court. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential material. Any such archival copies that contain or constitute Confidential material remain subject to this Stipulated Protective Order. Moreover, any such Confidential material shall not be used by Counsel in any way in any other matter, including in any other case, action or proceeding.

18. The provisions of this Stipulated Protective Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Stipulated Protective Order or any provision hereof.

19. The parties and their counsel, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Stipulated Protective Order is achieved.

20. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential documents or information or to apply to the Court for an order compelling production of documents.

21. If any counsel withdraws from this case, that counsel agrees to provide copies of this Stipulated Protective Order to new counsel. This Stipulated Protective Order is binding upon all future or successor attorneys representing the parties in this case.

22. The Court may modify this Stipulated Protective Order in the interests of justice or public policy.

23. With respect to documents, information, things or other discovery material produced by a party as to which the party inadvertently failed at the time of production to assert a claim of attorney-client privilege or work-product immunity, such production shall not be a waiver of that privilege or immunity claim. Assertion of the privilege or claim of immunity shall be made as soon as practicable after learning of the inadvertent disclosure and in no event later than the date of the final pretrial conference. Upon request of the producing party, a receiving party shall return such discovery material and all copies thereof to the producing party provided that the cost, if any, for excising such discovery material from the paper or electronic files of the receiving party shall be borne by the producing party. A party may, by motion, after returning the material and conferring with opposing counsel in an effort in good faith to resolve by agreement any dispute regarding the producing party's assertion of attorney-client privilege or work-product immunity, contest the producing party's claim of privilege or work-product. The determination of those claims will be made by the Court without regard to the fact that such discovery material has been produced.

Dated: October 8, 2009

ACKERMAN & TILAJEF, P.C.

_____/s/_____
Craig Ackermann

Attorneys for Plaintiffs
Jack Ray Morrison, and Steve Carson, individually and on behalf of others similarly situated

| | | |
|---|---|---|
| 1 | Dated: October 9, 2009 | JENNER & BLOCK LLP |
| 2 | | _____/s/_____ |
| 3 | | Brent Caslin |
| | | Rick Richmond |

Attorneys for Defendant
CRST Van Expedited, Inc.

John Mathias (*pro hac vice*)
jmathias@jenner.com
Robert Markowski (*pro hac vice*)
rmarkowski@jenner.com
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
Telephone: (312) 222-9350
Facsimile:  (312) 527-0484

### **ORDER**

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated:  November 24, 2009     _____/s/_____
The Honorable Jacqueline Chooljian
United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK RAY MORRISON, and STEVE CARSON, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br>　v.<br>CRST VAN EXPEDITED, INC.,<br>　　　　Defendant. | Case No.: CV09-5638 JFW (JCx)<br>_____<br><br>**STIPULATED PROTECTIVE ORDER CONFIDENTIALITY AGREEMENT** |

　　　　I hereby certify that I have read and understand the attached Stipulated Protective Order of the District Court for the Central District of California, in the above action. I agree to be bound by the terms of that Order and to comply with those terms. I agree not to disclose "Confidential" information, materials, or documents to anyone other than those permitted to receive it by the Stipulated Protective Order. I agree to use "Confidential" information, materials, or documents solely in connection with this Action, and not for any other purpose. I consent to be subject to the personal jurisdiction of the United States District Court for the Central District of California, with respect to any proceedings relative to the enforcement of that Order, including, without limitation, any proceeding related to the contempt of court.

　　　　Executed this _____ day of _____, 20___, at _____.

　　　　　　　　　　　　　　　　　　　　　　　_____.

Name:　　　　　　_____

Title/Affiliation:　_____

Address:　　　　　_____